## Wytheville.

### THE PIEDMONT AND ARLINGTON LIFE INSURANCE COMPANY v. MAURY AND ALS.

July 21.

Absent, *Moncure*, P., and *Staples*, J.

At the first December rules, 1881, C. B. Maury, a creditor of the Piedmont and Arlington Life Insurance Company, filed a bill against the company, alleging its insolvency, asking that the creditors be convened, that amounts of debts and assets be taken, and that a receiver be appointed. At the second December rules J C M and other creditors of the company filed their petition to be admitted as parties plaintiff to the suit. The company answered the bill, and prayed that its answer might be treated as a cross-bill. The plaintiff replied generally, and the cause was set for hearing. At the January term, 1881, of the court, J B. and other creditors of the company presented their petitions to be admitted as parties plaintiff to the suit. At that time, no order having been entered by the court, either admitting the petitioners as plaintiffs or referring the cause, C M B, the original plaintiff, dismissed his suit by leave of court. HELD:

1. Although M's bill does not in so many words profess to be on behalf of himself and all other creditors of the defendant, yet the case stated and the relief contemplated and prayed make it in substance and legal effect as completely a general creditor's bill as if it had been framed as such in the most technical form.

2. While such a bill may be filed as a matter of convenience, yet the creditors described, but not named in the bill, are not parties thereto in any sense; nor do they become so unless and until further action be had in the cause. Until such action, the suit is the suit of the plaintiff on the record, he is the sole *dominus litis*, and therefore may dismiss it at his will and pleasure.

3. This sole dominion of the plaintiff ceases as soon as the creditors become parties; and they become parties, in a general sense, when a decree or order for a general account is entered, under which they may prove their demands.

The Piedmont and Arlington Life Insurance Company v. Maury and als.

4. Until such decree is made, unless previously admitted as parties on the record upon special application, the creditors have no such interest in the suit as entitles them to control it.

5. Before any decree for a general account is entered a creditor may, in a proper case, be admitted a party on the record upon a special application for the purpose; and when that is done, he acquires such control of the suit as that it cannot be dismissed without his consent. But the original plaintiff may still dismiss the suit so far as he is concerned, and it may be prosecuted by the other party for his own benefit.

6. The mere filing of a petition does not operate *proprio vigore* to make the petitioner a party. To effect this an order of the court is necessary.

7. If M, the original plaintiff, had suffered the petitions to be filed without objection, and the cause had been subsequently proceeded in as if the petitioners had been duly admitted as parties, though no order to that effect had been made, by acquiescence he might have lost his right to dismiss at a subsequent time.

8. The dismissal of the bill necessarily carried with it the answer attempted to be set up as a cross-bill.

This case was argued at Richmond but decided at Wytheville. It was an appeal from a decree of the chancery court of the city of Richmond in a suit brought by C. B. Maury, a policyholder and creditor of the Piedmont and Arlington Life Insurance Company, against the said company and A. R. Blakey, trustee. Two petitions were filed, one at rules by J. C. Miller and others, and the other in court at the succeeding term by J. Bussey and others, in both of which the petitioners stated their respective cases and prayed to be admitted as parties plaintiff in the cause. At the time the petition of Bussey was presented, but before any order whatever had been made in the cause, Maury moved to dismiss his suit, which motion was resisted by the petitioners, but was allowed by the court, and from this order the company and the petitioners appealed.

*Robert Stiles,* for the appellants.

*R. L. Maury, Ould & Carrington,* for the appellees.

BURKS, J., delivered the opinion of the court.

The bill by the appellee Maury does not in so many words profess to be on behalf of himself and all other creditors of the defendant corporation, but the case stated and the relief contemplated and prayed make it in substance and legal effect as completely a general creditors' bill as if it had been framed as such in the most technical form. *Duerson's Adm'r* v. *Alsop and others,* 27 Gratt. 227, 235. After stating the plaintiff's case, it alleges that "there are a vast number of policyholders of said company scattered throughout many States, and that it is now important that they should be convened, their claims and those of all other creditors of said company ascertained and their priorities, and the assets of said company sold and proceeds thereof distributed among those entitled to the same"; and it prays, among other things, "that all such accounts and inquiries may be taken and made which may be necessary now or may become so hereafter in the progress of the suit"—and that all of the creditors and policyholders of this company be convened and the amount and priority of their claims ascertained and established by a proper reference for the purpose, if necessary," &c.

But it is thoroughly well settled, that while such a bill may be filed as matter of convenience to prevent a multitude of suits and accumulation of costs, and for the ascertainment, adjustment and payment of all claims chargeable on the common fund, and where a sale is necessary that such sale may be so made as to be most advantageous, yet the creditors described but not named in the bill are not parties thereto in any sense, nor do they become so unless

and until further action be had in the cause. Until such action the suit is the suit of the plaintiff on the record—he is sole *dominus litis*—has the absolute dominion of the suit— and therefore may dismiss it at his will and pleasure. But this sole dominion ceases when and as soon as the creditors become parties. They become parties in a general sense as soon as a decree or order for a general account is entered under which they may come in and prove their demands. Until such decree is made, unless previously admitted as parties on the record upon special application, they have no such interest in the suit as entitles them to any control of it. The doctrine is thus stated in a standard work on equity practice : " After a decree has been made of such a kind that other persons, besides the parties on the record, are interested in the prosecution of it, neither the plaintiff nor defendant, on the consent of the other, can obtain an order for the dismissal of the bill. Thus, where a plaintiff sues on behalf of himself and all other persons of the same class, although he acts upon his own mere motion, and retains the absolute dominion of the suit until the decree, and may dismiss the bill at his pleasure, yet, after a decree, he cannot by his conduct deprive other persons of the same class of the benefit of the decree, if they think fit to prose- cute it. The reason of the distinction is, that before decree no other person of the class is bound to rely upon the dili- gence of him who has first instituted his suit, but may file a bill of his own ; and that after a decree no second suit is permitted." 1 Dan. Ch. Prac. (4th Amer. Ed.), 794.

In *Woodgate* v. *Field*, 2 Hare, 211, 212 (cited 1 Story's Eq. Jurisp. § 548 a, note 3), Vice-Chancellor Wigram, adverting to the remark in *Sterndale* v. *Hankinson*, that on the filing of a creditor's bill, every creditor has an inchoate right in the suit, observes, "the meaning of that expression is, that a right then commences which may indeed fail, but also be perfected by decree ; and it is not inaccurately called an in-

choate right. After the decree every creditor has an interest in the suit; but the question is, whether the plaintiff until the decree, is not *dominus litis,* so that he may deal with the suit as he pleases. There is nothing to prevent other creditors from filing bills for the like purpose; and there is nothing more common than for several suits to exist together, and the court permits them to go on together until a decree in one of them is obtained, because it is possible, before the decree, that the litigating creditor may stop his suit." See also *Stephenson* v. *Taverners,* 9 Gratt. 398; *Harvey's Adm'r, &c.* v. *Steptoe's Adm'r and others,* 17 Gratt. 289, 304; *Kent's Adm'r* v. *Cloyd's Adm'r,* 30 Gratt. 555.

But before any decree for a general account is entered, a creditor may, in a proper case, be admitted a party on the record upon a special application for the purpose; and when that is done, he acquires such control of the suit as that it cannot be dismissed without his consent. The original plaintiff may still dismiss the suit so far as he is concerned, but it may be prosecuted by the other party for his own benefit. *Simmons* v. *Lyles and others,* 27 Gratt. 922, 928.

In the case before us, two petitions were filed—one in the clerk's office at rules and the other in court at the succeeding term—the petitioners respectively stating their cases and praying to be admitted plaintiffs in the cause. No advantage was gained by the filing of the petition at rules. We know of no law allowing this. It might as well have been filed at any other place or not filed at all. Both petitions were addressed to the court, and were applications to be set down as plaintiffs in the cause. The mere filing of the petitions did not operate *proprio vigore* to make the petitioners parties. To effect this, an order of the court was necessary. Hence, the motion of the petitioners "for *leave* to file their petitions asking to be *admitted parties* plaintiff in the suit, and to *admit the petitioners as such parties plain-*

The Piedmont and Arlington Life Insurance Company v. Maury and als.

*tiffs."* When this motion was made, Maury, the only plaintiff in the record, asked leave to dismiss his suit, and this liberty, after the several motions had been held for some time under consideration, was subsequently granted.

The contention of the appellants, that the mere filing of the petitions made the petitioners parties, and put it out of the power of the original plaintiff then to dismiss, cannot be maintained upon either principle or authority. It is conceded, so far as the petitioners are concerned, that up to the very instant of the application to be made parties, Maury had the indubitable right to dismiss his bill. When they made their application to come into the cause, Maury at once announced his purpose to dismiss, and asked liberty to do so. If he had suffered the petitions to be filed without objection, and the cause had been subsequently proceeded in as if the petitioners had been duly admitted parties, though no order to that effect had been made, by acquiescence he might have lost his right to dismiss at a subsequent time. Such was the case in *Myers* v. *Fenn*, 5 Wall. 205, 207.

In *Umbarger and Wife and others* v. *Watts and others*, 25 Gratt. 167, *it would seem*, that the petitions were filed without any order made upon them. But it does not appear that any objection was made in the court below, and it is evident that the cause was proceeded in as if the petitioners had been formally and regularly admitted parties, and no question was made in this court upon that point.

It appears from the recitals in the opinion of the court delivered by Judge Anderson in *Ewing's Adm'r* v. *Ferguson's Adm'r and others*, 33 Gratt. on p. 559, that the petitioners were made parties plaintiffs by *order of court.* And so in *Simmons* v. *Lyles and others*, 27 Gratt. 922, Lyles was admitted party defendant by *order of court* on his own petition. (See p. 925.)

VOL. LXXV—65.

No case has been cited which shows that the mere filing of a petition to be admitted a party in a pending suit operates *per se* to make the petitioner a party. Acquiescence or waiver may give such effect to the petition; but in the present case there is anything but acquiescence. As soon as leave was asked to file the petition and motions made upon them to come into the cause, the only plaintiff on the record objected and asked liberty to dismiss his suit. We have no doubt this liberty was properly granted.

The defendant corporation made no objection to the proceeding when the motion below was made to dismiss, but now as one of the appellants objects here for the first time, upon the ground that its answer was filed not only as an answer, but as a cross-bill in the cause. There is no force in the objection, and it is not therefore strange that it was not urged in the court below.

It is true that the answer prays that it may be regarded and treated as a cross-bill, and that full relief may be given and afforded to the respondent. The only relief it seeks as against the plaintiff is, that the suit be consolidated with the suit by Blakey, trustee, and that the plaintiff be restrained from further proceeding in his suit alone and independently of the suit by said trustee, and that the objects of the latter suit be carried out. The dismissal of the plaintiff's suit left the Blakey suit pending and gave the respondent substantially all the relief it asked as against the plaintiff, and could not be to its prejudice. The dismissal of the bill necessarily carried with it the answer attempted to be set up as a cross-bill. The respondent's claim to relief, so far as the plaintiff was concerned, was satisfied by the dismissal of the bill; and in this respect the case is unlike that of *Ragland* v. *Broadnax and others*, 29 Gratt. 401.

We are of opinion that there is no error in the decree of the chancery court, and that it should be affirmed. This

conclusion renders the question of jurisdiction raised by the appellee Maury of no practical importance. We will add, however, that it is apparent from the record that the amount in controversy exceeds the amount fixed by the constitution as the minimum limit to the jurisdiction of this court.

DECREE AFFIRMED.