# Richmond.

GORDON'S EX'ORS AND ALS. V. ·R. F. AND P. R. R. CO. AND ALS.

### APRIL 8th, 1886.

CREDITORS' BILL—*Stockholders—Dividends—Counsel fees—First appeal—Second appeal—Case at bar.*—Gordon's executors and others, suing for themselves and others, the holders of guaranteed stock of a railroad company, the said company and others, the holders of the common stock of said company, to enforce contracts between the plaintiffs and the company in respect to the plaintiffs' participation in certain dividends of the company. Upon demurrer the bill was dismissed by the court below. Upon appeal here this court decreed (See 78 Va. p. 522) that *all* the holders of said guaranteed stock were entitled to receive such dividend-obligations and dividends as had been issued to the holders of said common stock at specified rates, and that the suit be remanded for proper proceedings to carry out its decree and to allow proper counsel fees against guaranteed stockholders not already represented by counsel. But the court below, not regarding it as a creditors' suit, decreed that only such guaranteed stockholders as had been plaintiffs in the record, or represented by counsel (and the latter only to the extent so represented), were entitled to any benefit in the suit under the decree of this court; and that the company should issue obligations and pay dividends to the two classes indicated; and rejected the petitions of guaranteed stockholders, who had not been parties to the record, or represented by counsel, to become parties and to partake of the benefit of the decree of this court, and also rejected the petitions of counsel to be allowed fees as indicated. On second appeal here—

HELD:

    1. The suit is a creditors' suit in form, nature and object, and should be so treated.

    2. The suit should have been referred to a commissioner to ascertain, state and report who were the other holders of guaranteed

stock, and in what shares, and what obligations and money dividends were coming to them according to the decree of this court.

3. Proper steps should have been taken agreeably to the plaintiffs' prayer for allowance of counsel fees against the guaranteed stockholders not already represented by counsel in the suit.

4. The petitions of stockholders and counsel should have been entertained and the suit not removed from the docket until the decree of this court had been fully carried out.

Appeal from decrees of circuit court of city of Richmond, rendered June 28, 1884, and July 5, 1885, in the two suits in chancery (consolidated and heard together), under the style of Douglas H. Gordon's Executors and others against the Richmond, Fredericksburg and Potomac Railroad Company and others, and is a sequel to the causes which were heard on appeal by this court in April, 1884. (78 Va. 501).

Opinion states the case.

*James Pleasants, James N. Dunlop, John A. Coke, I. H. Carrington,* and *Edward Y. Cannon,* for the appellants.

*W. W. Henry,* for the appellee.

FAUNTLEROY, J., delivered the opinion of the court.

These causes were decided by this court on appeal from the circuit court of the city of Richmond, April 17, 1884, and this appeal is a sequel thereto, complaining of two decrees entered in these suits, by the said circuit court of the city of Richmond—one June 28, 1884, and the other July 9, 1885. The decree of this court 78 Va. (3 Hansbrough, page 519), was sent down and certified to the said circuit court of the city of Richmond May 20, 1884, together with a certified copy of its opinion, which was made a part of its decree.

The opinion, delivered by Judge Hinton, elaborately stated the whole case (the two cases being heard together and treated as one); and, after reversing the court below, entered the following order:

"And this court, proceeding to make such decree as the said circuit court ought to have rendered, doth adjudge, order and decree that the respective holders *of all the guaranteed stock* of the defendant company—the Richmond, Fredericksburg and Potomac Railroad Company—are entitled to receive from said company dividend-obligations of said company, of the form and character authorized by the resolutions of the stockholders of said company of November 16, 1881, and by the resolutions of the board of directors of the 8th of December, 1881, which have been issued to the holders of the common stock of said company; and that said dividend-obligations shall be issued to the holders of the guaranteed stock aforesaid, at the same rate at which they have been issued to the holders of the common stock—namely, at the rate of seventy dollars of such dividend-obligations for each and every share of guaranteed stock; and that, on the dividend-obligations so issued, there shall be paid the dividends which have been heretofore declared on similar dividend-obligations issued to common stockholders, excepting that the guaranteed seven per cent. stock shall not receive the dividend declared on the dividend-obligations as of January 1, 1882; and, as to the dividend which was paid on July 1, 1882, the same shall be abated by ten cents per share, and that the guaranteed six per cent. stock shall receive of said dividend of January 1, 1882, on the dividend-obligations only the sum of forty cents per share. And it is further ordered that these causes be remanded to the circuit court of the city of Richmond for proper proceedings to carry out this decree, and also for such proceedings as may appear proper in reference to the prayer of the plaintiffs,

for the allowance of counsel fees, against guaranteed stock-holders not already represented by counsel in these causes."

A sketch of a decree (marked "*B*") was prepared by plaintiffs' counsel designed to carry out the decision of this court, and was submitted to the circuit court, which, after argument and consideration, was rejected; and the said court rendered a verbal decision to the effect that only such guaranteed stock-holders of the company as had been plaintiffs on the record, or represented by counsel (and the latter only to the extent of such stock as had been represented), were entitled to enjoy any benefit in these suits, under the opinion and decree of this court; and that no stockholder, not belonging to one or the other of these classes, should be permitted to file any petition for the purpose of becoming parties, or receiving the obligations and money-dividends directed by said decree; and it entered a decree rejecting the draft "*B*," and ordering the defendant company to issue obligations and pay back dividends only to the two classes indicated, and removing the suits from its docket.

Against this proceeding all the plaintiffs protested, not only orally, but they tendered their petitions, praying for a reference to ascertain a proper allowance for counsel fees, and proper contributions to be assessed against the other stockholders who should be entitled to come in and participate in the benefit of the decree of this court. The plaintiffs' counsel, who were entitled on the merits and by the express terms of the decree of this court to reasonable compensation from stockholders, who had no special counsel, but were benefited by their skill and labor (the decree having declared that all of them should be entitled to receive the obligations and money-dividends), protested also against the decision of the circuit court, and tendered their joint petition, showing the services rendered, and the benefits gained, and praying for proper proceedings to carry out

the decree of this court in reference to the ascertainment and allowance of counsel fees.

But the court rejected all these petitions; and only permitted petitions to be filed by such stockholders as had been represented by counsel; and, against the protests of the plaintiffs, ordered that, "as nothing further in the interest of any of the parties in these causes remained to be done," the same should be removed from the docket, with leave to any party interested in its decree to move to re-instate them for the purpose of enforcing it, and with leave to the petitioners, who had been represented by counsel, to re-instate them for the purpose of asserting their rights.

On the 20th of October, 1884, the defendant company having failed and refused to comply with the requirements of the decree of June 28, 1884, by issuing the obligations even to the limited class to which the said decree was restricted, a rule was issued against the said company to show cause, &c., in which it is recited that "on motion of the complainants in these causes the same are re-instated on the docket"—without more and without saying that they were re-instated by leave reserved in the decree of June 28, 1884, or for any special purpose; and, in point of fact, they seem never to have been removed from the docket; but, if they had ever been, to have been re-instated for all intents and purposes.

The company answered the rule, stating, *inter alia*, that notice had been served on it of a bill having been filed in the United States Circuit Court, at Richmond, Virginia, by the Messrs. Short, trustees, to restrain it from issuing the obligations ordered by the decree of June 28, 1884, and that an order had been made by that court for hearing the motion for injunction on November 18, 1884, and that it had granted, on the 8th of November, at Norfolk, Virginia, a temporary injunction, which, when served on it, would be filed, and praying that the

decree of June 28, 1884, should not be enforced until the proceedings in the Federal court should be determined.   The order of the Federal court for a hearing upon Short's motion for an injunction, has never been proceeded with, so far as the record discloses; nor have any of the stockholders, either guaranteed or common, been made parties to this bill; nor has any action been taken in the matter, except that the defendant company issued on February 10, 1885, a circular, urgently inviting the non-resident holders of guaranteed stock to become voluntary parties to the suit of the Messrs. Short, in the Federal court, and offering to pay their lawyer's fees out of its own funds—and adding—"it is now deemed of the highest importance to the company, and all of its stockholders, that the matter should forever be quieted by the decree of a court of competent jurisdiction, which shall bind every one in interest."

At length, on the 4th of December, 1884, a decree was made adjudging the company in contempt, and ordering the issue of its obligations, and setting forth the money-dividends due to the parties entitled under the decree of June 28, 1884.   In this decree Lancaster & Lucke were allowed to receive the obligations upon sixty shares of stock, as to which they were represented by counsel, but upon their other shares of the guaranteed stock they were excluded—the decree, however, was expressed "to be without prejudice to their rights, if any, to claim the benefit of the decision of the court of appeals as to said other shares."

Nothing further was done in these suits till March, 1885, but they remained on the docket; and there was nothing in the decree of December 4th, 1884, directing their removal.

On March 4th, 1885, the appellants, Cannon & Claiborne, tendered their petitions praying to be made parties plaintiffs on the usual terms, and for like relief, as had been granted to the original plaintiffs and sundry petitioners, and other petitions

of like character were subsequently tendered; but the court refused to receive them. In its written opinion the court recognized the right of the original parties to ask for a rehearing of the decree of June 28th, 1884, but refused to grant the rehearing, re-affirmed its rejection of the former petitions; then renewed, rejected, also, the petitions of Cannon & Claiborne and others then again tendered; and declared that its decree of June 28th, 1884, was a final decree, and that these suits could, in no just sense, be considered as creditors' bills, and made the decree of July 9th, 1885, ordering the suits to be finally dismissed and stricken from the docket. By these proceedings of the circuit court of the city of Richmond (whose decrees in these causes had been reviewed and reversed by this court, and to whom the causes were remanded with all the principles of the causes elaborately and explicitly settled, and with instructions to execute the plain, unambiguous and imperative decree of this court), the opinion of this court and the very language of its decree, "have been in large measure misconstrued and defeated, and, indeed, have been reviewed and virtually reversed—so as to exclude, perhaps, eight-tenths of the guaranteed stockholders of the defendant company from the benefits of a decree of this court, which declared expressly that they were all entitled, and should be allowed to participate, ratably, under the decree, in the dividend-obligations and money-dividends of the company with the common stockholders; while the services of counsel, as expressly ordered by the decree of this court, have been unrewarded and ignored.

The circuit court erred in making no reference to a commissioner, as asked to do in the draft "B," to inquire and report who were the other holders of the guaranteed stock of the company, and in what shares, and what obligations and money-dividends they were entitled to receive under the decree of this court.

The court erred in refusing to treat these suits as "creditors' bills." They were such in their form, substance, captions, and statements, and in their objects and prayers; and this court so considered and treated them in its opinion and decree, and it remanded the causes to the circuit court with no other duty or discretion but for *proper proceedings* to carry out its decree, whereby the whole class of guaranteed stockholders might be allowed to come in and assert their claims, debts or demands in the form of a creditors' suit, and thereby avoid a multiplicity of suits and costly litigation.

It was the duty of the circuit court to convene all the guaranteed stockholders as a class, as plaintiffs, entitled, as beneficiaries under the decree of this court, to come in by petition, or by proving their claims before a master, as plaintiffs in a general sense, though they had not been on the original record. (Judge Burks, 75 Va. 511.) The company was sued, as the common debtor of all the class of guaranteed stockholders, for the payment of a dividend, in scrip and money, in which they had not been allowed to participate, and the common stockholders had; and this court held this injustice and inequality should be redressed in favor or relief of the whole class of guaranteed stockholders, and its order was mandatory upon the circuit court to allow the opportunity for all the guaranteed stockholders to come before it, *in these causes, by proper proceedings.*

The court erred in not obeying the mandate of this court to "take such proceedings as might appear proper in reference to the prayer of the plaintiffs for allowance of counsel fees against the guaranteed stockholders not represented specially by counsel in these causes;" and by rejecting the petition of plaintiffs, asking for a fair and ratable proportion of their counsel fees and other costs, against such other holders as had not been subjected to any expenses and who should be put on terms of

coming in and taking the benefit of the decree; and for the defendant company to be restrained, meanwhile, from issuing its obligations to them, or paying their money-dividends otherwise.

The court erred in rejecting the joint petition of counsel for all the original plaintiffs, whose claim for compensation had been recognized and should have been charged as a lien upon the fund under the court's control, and coming to each stockholder in scrip or money—or in both.

It erred in not granting full relief to Lancaster & Lucke as to all their shares of stock, represented or not, by counsel; and repeated this error in the decree of December 4th, 1884. It erred in the decree of June 28th, 1884, in declaring that "nothing further in the interest of any of the parties in these causes remained to be done"; and in making a so-called *final* decree, when the cases were not then ready for such decree, and without reserving leave to the holders of guaranteed stock, not represented by counsel, to move to re-instate, or to file their petitions; and in not treating them as parties plaintiff in a general sense, without whose consent no final decree could then have been made. By its decree of July 9th, 1885, the court again erred, in not regarding these suits as having been already re-instated to all intents and purposes, and in not re-instating them on the petitions of the original plaintiffs for a rehearing, and on the motion of Cannon and Claiborne, Haxall and others, and in treating its decree of June 28th, 1884, as a final decree.

As to the suit of the Messrs. Short in the Federal court, to restrain the defendant company from obeying the mandate of this court, as it had been certified down to the circuit court, the record shows that it was known to the company before it was served upon them; and that they issued a circular-appeal to all the non-resident stockholders to unite in that suit, and

proffered to pay counsel fees for their so doing. The Messrs. Short and all the other common stockholders, and the company itself, were parties to those causes upon the record—the Shorts by name as well as by representation; and they were all represented by Mr. W. W. Henry, in the circuit court, and in this court, which had taken and exercised jurisdiction of the whole subject matter; and it had become *res adjudicata*, against the Shorts, and in favor of not only the plaintiffs on the record, but all who were parties plaintiffs in a general sense; and by the terms of the decree itself of this court, in favor of *all holders* of guaranteed stock, though not plaintiffs on the record nor represented by counsel. The *gravamen* of Short's bill is, that the decision of this court is erroneous; and its purpose and object are that it may be reviewed and reversed by the Circuit Court of the United States for the Eastern District of Virginia.

This court has adjudicated the rights of the parties to these causes, and exercised a jurisdiction which it was the first to occupy, and has the exclusive right to hold.

The decrees of the circuit court of the city of Richmond, complained of, are wholly erroneous, and must be reversed and annulled; and this court, proceeding to make such decree as the circuit court should have done in these causes, will enter the following *order:*

This day came the parties by their counsel, and the court, having maturely considered the transcript of the record and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, and made a part of this decree, that the circuit court of the city of Richmond has not rightly construed the decree of this court, rendered on April 17, 1884, in these causes, and has not fully conformed to and carried out its directions; that, instead of holding that nothing further in the interest of any of the parties remained to be done in these causes, and ordering them to be removed

from its docket, as it did by its decree of June 28, 1884, after
granting the relief therein set forth, to the plaintiffs on the
record, and to such other parties as it permitted to file their
petitions, it should have ordered the account and inquiry
prayed for in the decree tendered by the plaintiffs' counsel,
marked "*B*," in the record, and which this court had, virtually
and substantially, ordered; that it should have received the
petitions then tendered by the plaintiffs, and by the plaintiffs'
counsel, and have permitted the said counsel to becomes parties
to these suits and obtain relief therein; that it should also
have permitted Lancaster & Lucke then to file their petition
for relief, and should have granted them relief as to all of the
guaranteed stock of the defendant company held by them,
whether they had been represented by counsel as to said stock,
or any part thereof, or not; and that it should have opened
the door and given full opportunity to any and all the holders
of said guaranteed stock of every issue thereof, to file their
petitions in these suits and become parties thereto, whether
they had been represented by counsel or not, when the same
were heard and determined in this court; and that it should
have granted to them the relief to which this court had decided
they were entitled, and for the purpose of their obtaining
which relief, in these causes, this court had remanded them to
the said circuit court, with directions to take proper proceed-
ings to carry out its decree; that the said circuit court had no
power to make a final decree at that time—viz: the 28th of
June, 1884—in these causes, and no discretion to attempt so to
do; and that said decree of June 28th, 1884, was not, in any
sense, a final decree, but was an interlocutory decree only,
even on its face; and the said decree is erroneous, and must
be reversed and annulled, whether final or interlocutory, in
the respects and to the extent above set forth.

And this court is further of opinion that the said causes

were not, in fact, and could not have been rightfully removed from the docket of the said circuit court by anything in said decree contained; but that, even if they had been removed in violation of the decree of this court of April 17, 1884, they were re-instated, to all intents and purposes, by the order of the said circuit court, entered therein, on October 20, 1884.

And this court is further of opinion that the decree of December 4th, 1884, was not a final decree, and that these causes have never been rightfully removed, or rightfully ordered to be removed, from the docket of the said circuit court; and that the said court should, by its decree of December 4th, 1884, have taken proper proceedings to have carried out, for the benefit of all the said holders of guaranteed stock and of the plaintiffs' counsel, the said decree of this court; and that, having failed to do this by all its said decrees previous to that of July 9th, 1885, it should, by the said decree of July 9th, 1885, have treated its former decrees of June 28th, 1884, and December 4th, 1884, as interlocutory, and have reheard and set aside or amended the same in these respects, and have accepted the petitions of the appellants, who are guaranteed stockholders, then tendered, and of said counsel, and have allowed them to become parties to these causes and granted to them the relief to which they were entitled therein by the said decree of this court of April 17th, 1884, and have carried out the same by proper proceedings for the benefit of all the holders of said guaranteed stock in said defendant company, and of the said counsel, as by the said decree of April 17th, 1884, it was directed to do.

And this court is further of opinion that, for the reasons stated in writing, the said decree of this court in these causes, having adjudged all the holders of all the said guaranteed stock to be entitled to receive the dividend-obligations and cash dividends therein referred to, and remanded the same to the

said circuit court for the proper proceedings to carry out its
decree; and this decree having been made in causes which were
rightfully within the jurisdiction of this court, as one of last
resort, and in which all the guaranteed stockholders of the
said defendant company were plaintiffs, either on the record or
in a beneficial and general sense, and all the common stock-
holders (as a class) of the said defendant company (including
the Messrs. Short, trustees, &c., hereinafter named, whose
interest in these causes was a like interest with the other com-
mon stockholders), as well as the said company itself, were all
expressly made parties defendants, according to the laws of
this State, and were represented by counsel, the said decree of
April 17th, 1884, and the matters and things therein decided
were and are *res adjudicata,* and should have been regarded
and treated as *res adjudicata* by all other courts, and all the
said defendants held thereby bound and concluded ; and that,
therefore, the United States Circuit Court for the Eastern Dis-
trict of Virginia had no jurisdiction to entertain the bill filed
before it, as appears by the record, by the Messrs. Short, trus-
tees, &c., on or about November —, 1884, and no rightful
authority to award the temporary injunction which it issued
on or about that date, restraining the defendant company from
issuing the said dividend-obligations and paying said cash
dividends to all holders of guaranteed stock of the said com-
pany, other than those embraced within the terms of the decree
of the said circuit court of the city of Richmond of June 28th,
1884 ; and that this is so, especially since the record and the
decree of this court were filed before the said United States
Circuit Court for the Eastern District of Virginia, and these
causes had not been rightfully removed from the docket of the
said circuit court of the city of Richmond, and when no final
decree could rightfully have been made, or should have been
attempted to have been made therein, by that court in view of

the decree of this court and its opinion made part of it, which had been duly certified down to the said circuit court; and when the parties aggrieved by the decree of June 28th, 1884, had the unquestionable right of appealing to this court to have that decree reversed and annulled for its errors and the said causes remanded to the circuit court to be proceeded in as if it had not been made, and when the circuit court of the city of Richmond had re-instated these causes on its docket and they were, to all intents and purposes, pending causes in that court at the time the said temporary injunction was awarded.

And this court is also of opinion, as stated in writing filed as aforesaid, that by its opinion and decree of 17th April, 1884, the right of the counsel to fees as against such guaranteed stockholders as had not employed counsel, was fully recognized.

It is, therefore, adjudged, ordered and decreed by this court that said decrees of June 28th, 1884, and July 9th, 1885, be annulled and reversed in the matters and repects hereinbefore indicated, and that the appellee, the Richmond, Fredericksburg and Potomac Railroad Company, pay to the appellants their costs by them expended in the prosecution of their appeal and *supersedeas* aforesaid here; that these causes be again remanded to the circuit court of the city of Richmond for proper proceedings to be taken by that court to carry out the said decree of this court of April 17th, 1884, so far as the same has not yet been carried out, and also to carry out this decree and to retain the said causes on its docket till these objects be attained and accomplished; and the said circuit court is directed to refer the inquiry to a master commissioner of the said court to take testimony and report what per centum of all the amounts which may be recovered by all the guaranteed stockholders of the said company under the decrees of April 17th, 1884, and under this decree, other than those for whom they were and are special and retained counsel, the counsel, James Pleasants,

James N. Dunlop, John A. Coke, and Carrington & Fitzhugh, are entitled to receive as a fee or compensation for their services from such guaranteed stockholders; and also who are such guaranteed stockholders of said defendant company and what said guaranteed stockholders are entitled to recover of dividend-obligations and money dividends thereon; and the said court shall decree that the said per centum of all amounts so recovered by the said guaranteed stockholders (other than the special clients of the said counsel) shall be issued and paid to the said counsel; and that in settlement hereafter with said guaranteed stockholders, the said per centum so delivered and paid shall be charged severally to said guaranteed stockholders; and this decree in favor of the said counsel shall be executed whether the said guaranteed stockholders appear and make claim now, or shall not do so.

DECREES REVERSED.