# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

WALTERS' SONS V. CHICHESTER ET ALS.

APRIL 12th, 1888.

Absent, Richardson, J.

1. CHANCERY PRACTICE—*Parties—Petitions.*—Petition in pending cause can only be filed by leave of court, and opportunity must be given opposite party to answer it. Mere depositing petition in clerk's office does not *proprio vigore,* make petitioner a party. *P. & A. L. Ins. Co.* v. *Maury,* 75 Va., 508.

2. APPELLATE JURISDICTION—*Case at bar.*—Creditor whose claim was less than $500, filed bill to annul trust deed. Other creditors, whose separate claims exceeded that sum, subsequently filed in the clerk's office petitions, without leave of court and notice to grantor, asking to be made parties. Decree dismissed the bill without noticing petitions:

HELD:

The petitioners were not parties below, and cannot be so regarded here, and the appeal must be dismissed for want of jurisdiction.

Argued at Staunton. Decided at Richmond. Appeal from decree of circuit court of Shenandoah county, rendered January 12th, 1886, in the suit wherein the appellants, Walters' Sons were complainants, and the appellees, Chichester and another, were defendants. Opinion states the case.

*Williams & Bro.,* for the appellants.

*Charles E. Stuart, Holmes Conrad, Marshall McCormick, S. J. C. Moore,* and *Barton & Boyd,* for the appellees.

LACY, J., delivered the opinion of the court.

On November 27, 1885, the appellants filed their bill against the appellee, Chichester and others, to set aside a deed as fraudulent. They filed their bill before their claims were due, and before they had any legal demands against the appellee. A receiver was appointed, by whom the goods were sold, and the proceeds brought into court. The cause coming on then to be heard, the circuit court sustained a demurrer, which had been filed, to the bill, and dismissed the same, and directed enough of the proceeds to be repaid to the creditor whose deed had been assailed to pay his claim, and held the residue. The appellants applied for and obtained an appeal to this court from the said decree, but here it is suggested that no creditor's claim amounts to the jurisdictional sum required to give this court jurisdiction; and, it so appearing, the appellees move to dismiss the appeal for want of jurisdiction. But it is suggested that petitions have been filed by other creditors who hold debts against Chichester greater in amount than the said jurisdictional sum; but these petitions do not appear to have been filed by leave of the court, nor are they recognized in the decree, no notice having been taken of them in the proceedings; but they appear to have been deposited in the clerk's office in vacation, and they were never brought to the attention of the court throughout the proceedings.

It is well settled that a petition can only be filed in a pending cause by leave of the court, and an opportunity must be given to the opposite party to answer it. The mere depositing a petition in the clerk's office in vacation does not effectuate the object sought; does not operate *proprio vigore* to make the petitioner a party. To do this an order of court is necessary. *Piedmont & Arlington Life Insurance Co.* v. *Maury*, 75 Va., 508; 1 Bart. Ch. Pr., 345. These petitions are not, therefore, before the court, and the petitioners are not parties to the cause. And, it appearing that no claim is before the court which

amounts to the jurisdictional sum required, this court must dismiss the appeal for that cause, and cannot, therefore, pass upon any other question raised.

APPEAL DISMISSED.