N. B. LEE *et al.* Appellants, *vs.* THE CITY OF CASEY *et al.* Appellees.

*Opinion filed October 27, 1915.*

1. PRACTICE—*when separate order granting leave for new parties to join as complainants is unnecessary.* Where the complainant in a bill filed by him in his capacity as a tax-payer files a petition stating that certain other tax-payers desire to join with him as complainants and that they have prepared an amended and supplemental bill which they ask leave to file, the granting of leave to file the supplemental bill includes leave for the parties to join as complainants and no separate order is necessary.

2. SAME—*when the original complainant cannot dismiss suit to prejudice of others.* Where a bill is brought by the complainant in his capacity as a tax-payer to enjoin the collection of certain taxes, other tax-payers who are permitted to become complainants acquire an interest in the subject matter of the suit and the original complainant cannot thereafter abandon or discontinue the suit without their consent, and the fact that the suit is dismissed as to the original complainant and part of the new ones does not have the effect of dismissing the suit as to others not consenting.

APPEAL from the Circuit Court of Clark county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding.

JOHN J. ARNEY, for appellants.

GRAHAM & SNAVELY, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Hugh T. Bragg and John Carr, as tax-payers and on behalf of themselves and all others similarly situated, filed their bill at the November term, 1912, of the circuit court of Clark county, against the city of Casey and other defendants, to enjoin the levy and collection of certain taxes which the bill alleged were illegal. At that term of court the bill was dismissed as to John Carr. At the July term, 1913, Bragg filed a petition stating that other tax-payers of the city of Casey, including N. B. Lee, William H.

Schmoyer and C. B. Orsborn, the appellants, desired to join with him as co-complainants; that he, together with the other parties named in the petition, had prepared an amended and supplemental bill in which said parties were joined as co-complainants, and asking leave to file such amended and supplemental bill. Leave was granted and the amended and supplemental bill was filed. To this bill defendants interposed a demurrer, which was overruled. The bill was then answered and the cause referred to the master in chancery. On the last day of the November term, 1914, Bragg and all the others who were made co-complainants by the amended and supplemental bill except appellants asked that the suit be dismissed as to them, and an order dismissing the suit as to those complainants was entered. During vacation, between the November and the April terms, appellees filed a motion to dismiss the cause *nunc pro tunc* as of the 13th of November, being the date of the dismissal as to Bragg and the other complainants, for the reason that the order entered at that time dismissing the cause as to Bragg, the only remaining original complainant, was, in effect, a final dismissal and termination of the suit. Upon the convening of the April term this motion was allowed and the cause dismissed *nunc pro tunc* as of November 13, 1914. This appeal has been perfected to review that action of the court.

The appellees have filed a motion to dismiss the appeal for the reason that there were seven complainants in the cause at the time it was dismissed, that a joint appeal was prayed and allowed, and that only three of the complainants, the appellants here, executed the appeal bond and joined in the appeal. This motion was taken with the case. The theory upon which this motion is made is, that the suit was, in fact, dismissed upon the dismissal of Bragg, the only remaining original complainant, on November 13, 1914, and as it involves a determination of

the main question presented for review by this appeal it will not be treated or discussed separately.

It is contended on the part of the appellees that no order of court was ever entered granting leave for new parties to join as co-complainants. While it is true that the record does not disclose that any separate and specific order was entered allowing appellants and the other additional co-complainants to join, the petition of Bragg set up that they desired to join as co-complainants and asked that they be permitted to do so. It also alleged that the amended and supplemental bill making the appellants and others co-complainants was prepared and ready to be filed and asked leave to file same. The record discloses that this amended and supplemental bill was filed by leave of court. This necessarily included leave to appellants and the others desiring to become co-complainants to join with Bragg in the bill.

Appellees cite and discuss authorities which state the rule as to the circumstances under which courts will permit a change of parties to an action or the substitution of a new party for one in whose name the suit was brought. These cases, and the principles they involve, are not applicable to the question presented for our consideration in this case. Here, Bragg and Carr filed their bill as representatives of a class and on behalf of themselves and all others included within that class. Appellants were equally interested with Bragg and Carr in the outcome of the litigation and would be affected by the result of the litigation in the same way. In *Knopf* v. *First Nat. Bank of Chicago,* 173 Ill. 331, (a suit restraining the extension and collection of taxes,) in discussing the right of a tax-payer to bring the suit, his relations to other tax-payers and the effect of the litigation, we said: "It is true that in any suit to prevent the levy or collection of an illegal tax there is no privity or legal relation of common property or common right as between the tax-payers. The only common

interest between them is in the question at issue, and in the fact that all are injured by the same wrongful and illegal act of levying the tax. This is just as true when several tax-payers join or if the whole body of tax-payers should unite in a bill. The right of each one is individual and separate, but the common relation has been deemed sufficient to authorize the exercise of the power of equity either where the suit is by a number of tax-payers on behalf of themselves and others similarly situated, or by one suing on behalf of all others, or even where the suit is by one suing for himself alone, where the effect would be to settle the rights of all." Appellants were proper parties to join as complainants in the first instance, and upon application they had the right to join as complainants at any time before the cause was finally determined. After they had joined as complainants their rights related back to the date of the filing of the original bill. They stood on an equal footing with the original complainant and all others who had later joined with him. After appellants had been permitted to join as complainants they became vested with an interest in the subject matter of the suit, and the original complainant thereafter did not have the power to dismiss the suit to their prejudice.

This proceeding is analogous to a suit instituted by a creditor for the benefit of all similarly situated. In such cases it has been held that until an inchoate plaintiff has come into the record or a judgment has been reached, the control of the action remains with the active plaintiff, who may either continue, compromise, abandon or dismiss the action, but as soon as a person similarly situated with the original plaintiff has come into the record in a proper way as party plaintiff he becomes vested with an interest in such subject matter of the action, and thereafter nothing can be done by the original plaintiff in derogation of his rights and interests. The original plaintiff still has a right to prosecute the action, but he cannot, without the consent

of his added co-plaintiff, abandon or discontinue it. *Atlas Bank* v. *Nahant Bank*, 23 Pick. 480; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; 30 Cyc. 139.

The dismissal as to Bragg and the other complainants did not have the effect of dismissing the suit, and the court erred in entering its order dismissing the suit *nunc pro tunc* as of November 13, 1914.

No temporary restraining order had been secured. At the time of the hearing on the motion to dismiss the suit *nunc pro tunc* as of November 13 the appellants asked for an injunction restraining the collector from demanding payment of the taxes objected to, and it is urged that the court erred in denying this motion. Nothing is presented for review by this motion. The appellants relied upon the proof taken before the master in support of the motion, and this proof is not incorporated in the record.

The decree of the circuit court dismissing the bill is reversed and the cause remanded to that court.

*Reversed and remanded.*