# Staunton.

## First State Bank of Boone's Path, Inc. v. B. F. Kincaid.

September 20, 1928.

The opinion states the case.

*B. H. Sewell*, for the appellant.

*Pennington & Pennington*, for the appellee.

WEST, J., delivered the opinion of the court.

On October 27, 1922, Marion T. Ely, in consideration of twenty-six hundred dollars, evidenced by two negotiable notes of even date with the deed, one payable six months after date for fourteen hundred dollars, and the other payable twelve months after date for twelve hundred dollars, with interest on each note from date till paid, conveyed to Mable M. Ely a certain parcel of land in Lee county, Virginia, known as the Bachus tract, containing fifty acres, more or less. The grantor gave the grantee the right to renew the notes, and expressly reserved on the face of the deed a vendor's lien upon the property to secure the payment of the purchase money.

Each of the notes was signed by Mable M. Ely and payable to the order of Marion T. Ely. The note for $1,200.00 was endorsed on the back as follows:

"Marion T. Ely. We as endorsers of this note waive demand, notice, protest—and guarantee payment of same—we sign with full understanding of this endorsement.

"M. T. ELY
"M. M. ELY
"LAURA ELY."

The note for $1,400.00 bears this endorsement:

"This note is turned over to B. F. Kincaid as he is surety on some notes for me and when they are paid he is to return same back to me.

"(Signed)
"M. T. ELY."

For valuable consideration, the note for $1,200.00 was delivered to First State Bank of Boones Path, Inc. The $1,400.00 note was delivered to B. F. Kincaid, upon the terms stated in the endorsement.

Marion T. Ely departed this life on November 6, 1925, testate.

On November 25, 1925, B. F. Kincaid, suing "for himself and all other creditors of the estate of Marion T. Ely, deceased, who will come in this cause and bear their proportional part of the costs which may accrue in this cause," filed a general creditors' bill against the estate of Marion T. Ely, deceased. Mable M. Ely, in her own right and as executrix of Marion T. Ely, deceased, and all other devisees and heirs-at-law and several creditors of the decedent are made parties defendant by name.

One of the prayers of the bill is, "*   *   *   that the debts due by the said Marion T. Ely, deceased, be ascertained, to whom such debts are owing, the amounts, how evidenced, how secured, their relative priorities   *   *." Another prayer is, that "this bill be treated as a general creditors' bill, that all proper orders of reference be made, and that such other further and general relief be granted your orator as the nature of his cause may require, or to equity may seem meet."

On November 25, 1926, a decree of reference was entered directing a special commissioner to ascertain and report: (1) What real estate Marion T. Ely owned at his death; (2) all liens against such real estate, to whom due, with their dignities and priorities; (3) all liens existing upon personal property which was owned by Marion T. Ely, to whom owing and the amounts thereof; (4) any other matter or fact deemed pertinent by himself, or specially requested by any party in interest.

Under reference 4 the commissioner ascertained and reported certain debts due by the estate of Marion T. Ely, deceased, including the two debts due by him as evidenced by the notes for $1,200.00 and $1,400.00, respectively.

On the hearing before the commissioner, B. F. Kincaid contended that the note for $1,400.00 was assigned to him before the note for $1,200.00 was assigned to the First State Bank of Boones Path, Inc. The bank insisted that the note for $1,200.00 was delivered to it before the note for $1,400.00 was delivered to Kincaid.

The commissioner heard the testimony offered by the parties, and reported that the $1,200.00 was delivered to the bank before the $1,400.00 note was delivered to B. F. Kincaid. Appellant, B. F. Kincaid, excepted to the report of the commissioner on the ground that his finding in this respect was erroneous. On October 8, 1926, the court entered a decree sustaining the exceptions to the report of the commissioner, and adjudging that B. F. Kincaid is entitled to the first lien upon the Bachus tract of land, as between himself and the bank. Upon the petition of First State Bank of Boones Path, Inc., an appeal was allowed from that decree.

■ The first assignment of error is that the court had no jurisdiction in this cause to hear and determine the question of priority of assignment of the $1,400.00 and the $1,200.00 notes, and erred in sustaining the exception of B. F. Kincaid to the report of Commissioner Davidson, filed in the instant case.

It is not contested that the assignee holding the first assignment of the evidence of the debt must be paid first. *Williams* v. *Gifford*, 139 Va. 779, 124 S. E. 403.

• ██ This is not a lien creditors' but a general creditors' suit for the settlement of Marion T. Ely's estate. It is immaterial that the First State Bank of Boones Path, Inc., was not made a party to the suit in the bill or by the pleadings. The decree of reference was in substance and legal effect a decree for a general account of the debts against the Ely estate, under which the creditors of the estate may prove their claims. Upon the entry of this decree the First State Bank of 'Boones Path, Inc., became a party to the suit in a general sense, with the right to prove its demands against decedent's estate. *Piedmont Life Ins. Co.* v. *Maury*, 75 Va. 508.

██ The two notes in question were payable to the order of Marion T. Ely and when endorsed by him and delivered to other parties became obligations against his estate, on account of his endorsement, secured by the vendor's lien on the Bachus tract of land. If this land did not sell for a sum sufficient to pay both notes, his estate was bound for the balance due thereon. In the settlement of Marion T. Ely's estate, it was necessary to ascertain the debts due by him, to whom payable, and their dignities and priorities. This could not be done without determining which of the holders of the two notes had priority as to the fund derived from the sale of the Bachus land.

██ We find no error in the decree which sustained the exceptions of B. F. Kincaid to that portion of Commissioner Davidson's report which found that the $1,200.00 note was assigned the bank before the $1,400-.00 note was assigned to B. F. Kincaid. It plainly appears from a preponderance of the evidence, taken before the commissioner on that question, that the note for $1,400.00 was assigned to B. F. Kincaid not more than twenty days after October 27, 1922, the date of the

notes. It further appears from the books of the bank that the $1,200.00 note was not delivered to the First State Bank of Boones Path, Inc., until November 28, 1922. It follows that the court was clearly right in holding that B. F. Kincaid is entitled to the first lien upon the Bachus tract of land containing fifty acres, as between himself and the bank.

■ ■ The next assignment of error is to the court's action in holding that the $1,400.00 note was absolutely assigned to B. F. Kincaid by Marion T. Ely, and could be applied as collateral security on the general indebtedness of Ely to Kincaid.

The language of the endorsement on this note, *supra*, fairly construed, means that the note was assigned as collateral security for the payment of all sums of money for which B. F. Kincaid was bound on notes as surety for Marion T. Ely.

It is true that collateral deposited as security for the payment of a certain debt, or class of debts, cannot be used to pay another debt, or class of debts. The assignment under consideration, however, was executed to make the note collateral security for a certain class of debts, to-wit, all notes upon which Kincaid was liable as surety for Marion T. Ely.

There was nothing unusual about this transaction. It is a common practice for banks to take collateral security for the payment of all obligations of the pledgor held by the bank; and the same rule applies to individuals as to banks.

We find no error in the decree complained of.

*Affirmed.*