Mary Rooth and Fred C. Ulrich, Complainants, v. Harry J. Kusel et al., Defendants.
Mary Rooth and Harry J. Kusel, Appellants, v. Fred C. Ulrich, Appellee.

Gen. No. 37,410.

Opinion filed February 14, 1934.

ISADORE FISHMAN, for appellant Mary Rooth.

WINSTON, STRAWN & SHAW, for appellant Harry J. Kusel; RICHARD H. HOLLEN and GEORGE W. OTT, of counsel.

SHULMAN, SHULMAN & ABRAMS and FRISCH & FRISCH, for appellees; MEYER ABRAMS, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

This is an interlocutory appeal from an order appointing a receiver. The appeal is by Mary Rooth, the original complainant, and Harry J. Kusel, the owner of the property. From the facts it appears as follows:

April 21, 1933, the complainant, Mary Rooth, filed her bill of complaint in the superior court of Cook county to foreclose the lien of a trust deed, alleging that she was the holder and owner of certain bonds maturing July 1, 1936, and coupons which had become due January 31, 1933. The total bond issue aggregated $210,000. Nothing was done with this bill and no receiver appointed nor asked for.

November 7, 1933, The First National Bank of Chicago, as successor trustee under the trust deed, filed a bill of complaint in the circuit court of Cook county to foreclose the lien on the same property. The bill filed by Mary Rooth was on behalf of herself and other bondholders similarly situated.

November 21, 1933, solicitors for the defendant in the cause pending in the superior court appeared in

that court and presented a consent order dismissing the suit. On the same day Fred Ulrich, a bondholder, served notice that he would appear in the superior court on the following day and present his petition praying to be permitted to join as cocomplainant. Pursuant to this petition Ulrich, by his counsel, appeared in the superior court and filed his petition in which it was asserted that the suit was dismissed after notice had been received by the complainant of the intention of the petitioner Ulrich to be joined as cocomplainant. Thereupon the chancellor vacated the order dismissing the suit, permitted the petitioner to be made an additional party complainant and appointed Oscar Weiner receiver for the premises, as prayed for in the petition.

November 24, 1933, solicitors for the original complainant, Mary Rooth, and the defendant presented their petition to the Honorable Judge John P. Mc-Goorty, before whom this cause was pending, praying that the order of Judge Robert E. Gentzel be vacated and this matter was referred to Judge Gentzel who had entered the order vacating the order of dismissal.

On December 9, 1933, the matter was heard by Judge Robert E. Gentzel on the sworn petitions filed therein, evidence taken, and arguments of counsel, and the motion to vacate was denied.

From the record as shown by the verified petition of the complainant Mary Rooth and the defendant Kusel and the testimony taken, it appears that by agreement of the trustee, the complainant in the suit pending in the circuit court, and the defendant Kusel, the appointment of a receiver was waived upon condition that the rents and profits of the property which might accrue be paid to the complainant, as trustee, and that a monthly accounting be made of the rents together with all the expenditures made in the operation of the premises by the defendant Kusel. It also

appears that as part of this agreement and understanding, the complainant Mary Rooth in the suit pending in the superior court was to dismiss that proceeding without costs. This agreement was entered into on November 11, 1933, and an order of dismissal of said cause in the superior court prepared. From this it appears that the agreement between the parties had been entered into several days prior to the time notice was served by Ulrich, in which he asked to be made a cocomplainant in the suit in the superior court.

The rights of the defendant in the proceeding seem to have been lost sight of in the desire of certain parties and counsel to control the litigation.

It is insisted that the appeal should have been from the order dismissing the cause in the superior court and not from the order appointing a receiver. With this, however, we are unable to agree. The defendant has a right to be heard on the question of the appointment of a receiver and has some rights as well as the bondholders.

If the order vacating the order dismissing the cause was erroneous, then the court should not have appointed a receiver. It is well recognized as a matter of law that a complainant has a right to dismiss his bill at any time. It is also undoubtedly the rule that the original complainant had the right to dismiss her proceeding in the foreclosure suit in the superior court unless others, for whose benefit the suit was brought, had already intervened.

The sole question for determination before us is whether or not by the service of notice, the new party seeking to be made a cocomplainant had secured rights by reason thereof which entitled him to have the order of dismissal vacated and continue the proceeding on his own behalf. Up to the time of making the motion in open court and an order permitting this new cocomplainant to intervene, he had not subjected himself

to the payment of any of the costs of the prosecution of the proceeding and assumed no liability for its expenses. The mere service of notice did not make him a party of record. The original complainant, Mary Rooth, still had the right to dominate the proceeding in any way she desired, even to the extent of dismissing the suit. The original complainant had entered into an agreement with the defendant to dismiss the suit because of the understanding that the rents and profits were to be turned over to the trustee in the proceeding in the circuit court for the benefit of all the bondholders, and this agreement was not a nullity. This understanding, entered into before the service of notice and in good faith, should have been carried out. Agreements between parties to a litigation should be recognized by the court, especially where it would result in a saving to the litigants.

In the case of *Piedmont & Arlington Life Ins. Co. v. Maury,* 75 Va. 508, it appears that certain petitions had already been filed in the cause brought on behalf of the complainant and others similarly situated, but no order had been entered thereon. The complainant Maury then moved to dismiss the suit, which was allowed, and an appeal taken from that order on the ground that the petitioners were in court asking to be made cocomplainants. The court in its opinion says:

"But it is thoroughly well settled, that while such a bill may be filed as a matter of convenience to prevent a multitude of suits and accumulation of costs, and for the ascertainment, adjustment and payment of all claims chargeable on the common fund, and where a sale is necessary that such sale may be so made as to be most advantageous, yet the creditors described but not named in the bill are not parties thereto in any sense, nor do they become so unless and until further action be had in the cause. Until such action the suit

is the suit of the plaintiff on the record—he is sole *dominus litis*—has the absolute dominion of the suit —and therefore may dismiss it at his will and pleasure. But this sole dominion ceases when and as soon as the creditors become parties. They become parties in a general sense as soon as a decree or order for a general account is entered under which they may come in and prove their demands. Until such decree is made, unless previously admitted as parties on the record upon special application, they have no such interest in the suit as entitles them to any control of it.

. . . . .

''The contention of the appellants, that the mere filing of the petitions made the petitioners parties, and put it out of the power of the original plaintiff then to dismiss, cannot be maintained upon either principle or authority. It is conceded, so far as the petitioners are concerned, that up to the very instant of the application to be made parties, Maury had the indubitable right to dismiss his bill. When they made their application to come into the cause, Maury at once announced his purpose to dismiss, and asked liberty to do so. If he had suffered the petitions to be filed without objection, and the cause had been subsequently proceeded in as if the petitioners had been duly admitted parties, though no order to that effect had been made, by acquiescence he might have lost his right to dismiss at a subsequent time. Such was the case in *Myers v. Fenn,* 5 Wall. 205, 207.'' To the same effect see *Beadleston v. Alley,* 7 N. Y. S. 747; *Lee v. City of Casey,* 269 Ill. 604.

We are of the opinion that the original complainant, Mary Rooth, had the right to control the litigation including the agreement of settlement with the defendant, the owner of the property, and to dismiss her bill at any time up to and until the other cocomplainants had been created as a matter of record or until a final

decree had been reached. Such being the view reached by this court, in our opinion the chancellor of the superior court was without power to appoint a receiver upon the petition of the intervening cocomplainant. As a matter of equity there is no reason why the cause should be pending in two courts. The circuit court, which has jurisdiction under the bill filed by the trustee for the benefit of all the bondholders, can do complete justice as between all parties. As we have already stated, the defendant is entitled to some consideration where his property is involved and should not be harassed by constant litigation and numerous foreclosure proceedings. Ulrich was not an indispensable party to this proceeding and therefore had no right other than that proffered him by the original complainant.

For the reasons stated in this opinion the order of the superior court appointing a receiver is reversed.

*Order reversed.*

HALL, P. J., and HEBEL, J., concur.