Mary Rooth and Fred C. Ulrich, Complainants, v. Harry J. Kusel et al., Defendants.
Mary Rooth et al., Appellees, v. Fred C. Ulrich, Appellant.

Gen. No. 37,648.

Opinion filed December 19, 1934.

Shulman, Shulman & Abrams, of Chicago, for appellant; Meyer Abrams, of counsel.

Sonnenschein, Berkson, Lautmann, Levinson & Morse, of Chicago, for appellee First Nat. Bank of Chicago; David Levinson and Jerome S. Weiss, both of Chicago, of counsel.

Mr. Justice Wilson delivered the opinion of the court.

This matter was before us on an interlocutory appeal from an order appointing a receiver. (273 Ill. App.

526.) The order appointing a receiver was reversed and upon the filing of the mandate in the superior court, Fred C. Ulrich (appellant here) made his motion to dismiss his own petition and thereupon appealed from the order which he had obtained and which had been entered at his solicitation. The following facts appear of record:

April 21, 1933, the complainant, Mary Rooth, filed her bill of complaint in the superior court of Cook county to foreclose the lien of a trust deed, alleging that she was the holder and owner of certain bonds maturing July 1, 1936, and coupons which had become due January 31, 1933. The total bond issue aggregated $210,000. Nothing was done with this bill and no receiver appointed or asked for.

November 7, 1933, The First National Bank of Chicago, as successor-trustee under the trust deed, filed a bill of complaint in the circuit court of Cook county to foreclose the lien on the same property. The bill filed by Mary Rooth was on behalf of herself and other bondholders similarly situated.

November 21, 1933, solicitors for the complainant and defendant in the cause pending in the superior court appeared in that court and presented a consent order dismissing the suit. On the same day Fred Ulrich, a bondholder, served notice that he would appear in the superior court on the following day and present his petition praying to be permitted to join as cocomplainant. Pursuant to this petition Ulrich, by his counsel, appeared in the superior court and filed his petition in which it was asserted that the suit was dismissed after notice had been received by the complainant of the intention of the petitioner Ulrich to be joined as cocomplainant. Thereupon the chancellor vacated the order dismissing the suit, permitted the petitioner to be made an additional party complainant and appointed Oscar Weiner receiver for the premises, as prayed for in the petition.

November 24, 1933, solicitors for the original complainant, Mary Rooth, and the defendant presented their petition to the Honorable Judge John P. McGoorty, before whom this cause was pending, praying that the order of Judge Robert E. Gentzel be vacated and this matter was referred to Judge Gentzel who had entered the order vacating the order of dismissal.

On December 9, 1933, the matter was heard by Judge Robert E. Gentzel on the sworn petitions filed therein, evidence taken, and arguments of counsel, and the motion to vacate was denied.

From the record as shown by the verified petition of the complainant Mary Rooth and the defendant Kusel and the testimony taken, it appears that by agreement of the trustee, the complainant in the suit pending in the circuit court, and the defendant Kusel, the appointment of a receiver was waived upon condition that the rents and profits of the property which might accrue be paid to the complainant, as trustee, and that a monthly accounting be made of the rents together with all the expenditures made in the operation of the premises by the defendant Kusel. It also appears that as part of this agreement and understanding, the complainant Mary Rooth in the suit pending in the superior court was to dismiss that proceeding without costs. This agreement was entered into on November 11, 1933, and an order of dismissal of said cause in the superior court prepared. From this it appears that the agreement between the parties had been entered into several days prior to the time notice was served by Ulrich, in which he asked to be made a cocomplainant in the suit in the superior court.

The rights of the defendant in the proceeding seem to have been lost sight of in the desire of certain parties and counsel to control the litigation.

The question for consideration is whether or not complainant had a right to dismiss her bill before Ulrich had intervened and became a party to the suit.

It has long been the settled rule in this State with some exceptions, that a complainant can dismiss his bill at any time. Among these exceptions is where a bill is filed on behalf of the complainant and others, and such others have intervened and have been made parties complainant. Counsel for Ulrich insists that by the service of notice before the suit was dismissed, he had secured rights which entitled him to have the order of dismissal vacated and to continue the proceedings on his own behalf.

The original action had been pending from April 21, 1933, up to and until November 22, 1933, a period of seven months. Up to the time of making the motion in open court and an order permitting this new cocomplainant to intervene, he had not subjected himself to the payment of any of the costs of the prosecution of the proceeding and assumed no liability for its expenses. The mere service of notice did not make him a party of record. The original complainant, Mary Rooth, still had the right to dominate the proceeding in any way she desired, even to the extent of dismissing the suit. The original complainant had entered into an agreement with the defendant to dismiss the suit because of the understanding that the rents and profits were to be turned over to the trustee in the proceeding in the circuit court for the benefit of all the bondholders, and this agreement was not a nullity. This understanding, entered into before the service of notice and in good faith, should have been carried out. Agreements between the parties to a litigation should be recognized by the court, especially where it would result in a saving to the litigants.

In the case of *Piedmont & Arlington Life Ins. Co. v. Maury,* 75 Va. 508, it appears that certain petitions had already been filed in the cause brought on behalf of the complainant and others similarly situated, but no order had been entered thereon. The complainant

Maury then moved to dismiss his suit, which was allowed, and an appeal taken from that order on the ground that the petitioners were in court asking to be made cocomplainants. The court in its opinion says:

"But it is thoroughly well settled, that while such a bill may be filed as a matter of convenience to prevent a multitude of suits and accumulation of costs, and for the ascertainment, adjustment and payment of all claims chargeable on the common fund, and where a sale is necessary that such sale may be so made as to be most advantageous, yet the creditors described but not named in the bill are not parties thereto in any sense, nor do they become so unless and until further action be had in the cause. Until such action the suit is the suit of the plaintiff on the record—he is sole *dominus litis*—has the absolute dominion of the suit—and therefore may dismiss it at his will and pleasure. But this sole dominion ceases when and as soon as the creditors become parties. They become parties in a general sense as soon as a decree or order for a general account is entered under which they may come in and prove their demands. Until such decree is made, unless previously admitted as parties on the record upon special application, they have no such interest in the suit as entitled them to any control of it.

. . . . .

"The contention of the appellants, that the mere filing of the petitions made the petitioners parties, and put it out of the power of the original plaintiff then to dismiss, cannot be maintained upon either principle or authority. It is conceded, so far as the petitioners are concerned, that up to the very instant of the application to be made parties, Maury had the indutiable right to dismiss his bill. When they made their application to come into the cause, Maury at once announced his purpose to dismiss, and asked liberty to do so. If he had suffered the petitions to be filed

without objection, and the cause had been subsequently proceeded in as if the petitioners had been duly admitted parties, though no order to that effect had been made, by acquiescence he might have lost his right to dismiss at a subsequent time. Such was the case in *Myers v. Fenn,* 5 Wall. 205, 207.'' To the same effect see *Beadleston v. Alley,* 7 N. Y. S. 747; *Lee v. City of Casey,* 269 Ill. 604.

We are of the opinion that the original complainant, Mary Rooth, had the right to control the litigation including the agreement of settlement with the defendant, the owner of the property, and to dismiss her bill at any time up to and until the other cocomplainants had been created as a matter of record or until a final decree had been reached.

If, as the record discloses, there is a suit by the trustee pending in the circuit court, Ulrich's interest will be taken care of. The owner of the property should not be harassed by different proceedings, in different courts, involving the same subject matter.

The order from which this appeal is prayed was entered on the motion of Ulrich, appellant here, and there is serious doubt as to whether or not he could question the order of decree which he procured. *Kellner v. Schmidt,* 328 Ill. 426.

In our opinion there was no fraud on the part of the complainant in obtaining the dismissal of the bill, as the facts show that she had been negotiating with the defendant for several days prior to the service of notice for the purpose of obtaining the very dismissal that was afterwards obtained.

For the reasons stated in this opinion the order of the superior court is affirmed.

*Order affirmed.*

HEBEL, P. J., and HALL, J., concur.