72 U.S. 205
 18 L.Ed. 604
 5 Wall. 205
 MYERS
v.
FENN.
 December Term, 1866
 
 MYERS, Kinsly, and Stout, having obtained judgment against Fenn, filed a bill against him and three other persons named respectively, Thompson, Green, and Roberts,—which last-named person had been Fenn's general assignee, charging a fraudulent transfer of property by him to them. Before issue was had on this bill, one Bowen, having a judgment against Fenn for $3260.96, and a certain Reed having one for $3916.75, upon each of which execution had been returned unsatisfied, united by petition in the bill of Myers, kinsly, and Stout. The petitions were filed without any order of court; but no objection was made, and the hearing went on as if an order had been granted. The bill set forth that Fenn, being hopelessly insolvent, had conveyed large quantities of property both to Thompson and to Green, receiving therefor payment in county bonds and other securities then so greatly depreciated as to make it plain that a fraud was intended. And as respected Robbins (the general assignee), that the assignment was not made in good faith, but in order to place the property beyond the reach of executions, and it prayed that it might be set aside.
 After Bowen and Reed filed their petitions the proceeding as respected Thompson and Green was dismissed by consent of parties, the matter of the general assignment being thus the only matter remaining charged as fraudulent.
 As respected this it appeared by the testimony of Robbins, the general assignee, called by the complainants, and the only witness examined, that Fenn wsa wholly insolvent and had transferred all his property of every sort to him, for the benefit of his creditors exclusively. It appeared also, however, on cross-examination, that before the assignment was resolved on, Fenn, by the advice of his friends, had come to Thompson, asking him to become the assignee; that Thompson had declined; that being still urged, Thompson had gone to counsel and ascertained that upon an estate such as Fenn's he would be entitled to six per cent. commission; that examining Fenn's affairs he found that the amount of debt to be collected would be about $100,000, but that so very large an amount of it would be paid by counter demands on Fenn himself, that there would not be sufficient money to pay the commissions. Thompson therefore refused to accept the office of assignee unless Fenn paid him a 'bonus,' which Fenn paid him, accordingly, in the shape of three county bonds for $1000 each, and worth actually about $2300. This sum was apparently meant to be on account of commissions.
 The Circuit Court for the Northern District of Illinois (in which the bill was filed) dismissed it. Appeal.
 
 Mr. E. S. Smith, for the appellants:
 
 The giving of the bonds to Robbins, vitiated the assignment.
 A debtor cannot fix compensation for an assignee, much less can he pay a large sum in advance for labor to be performed. If the debtor could do this, he might as well give to the assignee discretionary power which he could exercise against the will of the creditors.
 In Nichols v. McEwen,[1] the assignment provided for the payment of a counsel fee to the assignee, who was a lawyer, over and above the expenses of the commission for executing the trust. The assignment was held void for that provision. Our case is stronger than that one. There the provision was made upon the face of the assignment and was open for the creditors to know what the provision was. Here nothing appeared until the parties were compelled to answer and testify.
 Mr. Van Armam, contra.
 Mr. Justice NELSON delivered the opinion of the court.
 
 
 1
 The complainant, Bowen, by petition, united in a creditor's bill which had been filed against the defendants, before it was at issue. Subpoenas were issued and served on him; and, although no order appears to have been entered permitting the joinder of the petitioner in the suit, all the subsequent proceedings were carried on as if such order had been entered. No objection was made to the joinder, but, on the contrary, the court and all parties seem to have acquiesced.
 
 
 2
 The practice of permitting judgment creditors to come in and make themselves parties to the bill, and thereby obtain the benefit, assuming at the same time their portion of the costs and expenses of the litigation, is well settled.
 
 
 3
 The judgment, which is set forth in his petition against Fenn, the common debtor, is for the sum of $3260.96, upon which execution had been issued and returned. At the same time another judgment creditor, T. B. Reed and others, joined in the proceedings without objection. This judgment had been rendered against Fenn for the sum of $3916.75. The case went to a hearing on the pleadings and proofs, and a decree was entered dismissing the bill. It is now here on appeal.
 
 
 4
 Although the bill was originally filed against four parties, while the suit was progressing, and after the above judgment creditors had become parties to the proceedings, it was dismissed by the stipulation and consent of the complainants as to two of them—Thompson and Green—who were charged in the bill as having become the owners of large parcels of the estate of Fenn, the debtor, after his insolvency and before he made an assignment for the benefit of his creditors. The dismissal of these parties narrowed the litigation and confined the issue between the judgment creditors on the one side, and the debtor and Robbings, his general assignee, on the other, and who was the only witness examined in the case. He was called on the part of the complainants. His testimony shows, that Fenn was heavily in debt and hopelessly insolvent. That he had divested himself of all his property in his endeavors to adjust his debts, and by the assignment for the benefit of his creditors. There was no concealment of any of his assets, or attempted appropriation of any part of them for his own benefit or the benefit of his family. All that he possessed appears to have been devoted by the assignment to the use of his creditors, and we perceive no reason for dissenting from the conclusion at which the court below arrived in its disposition of the case.
 
 
 5
 DECREE AFFIRMED.
 
 
 
 [1]
 17 New York, 22.