PERRY v. GODBE et al. (WILLIAMS, Intervener).

(Circuit Court, D. Nevada. April 12, 1897.)

No. 594.

1. EQUITY—OBJECTION TO INTERVENER'S PETITION—WAIVER.
   A plaintiff, by filing a replication to a petition in intervention, and proceeding to a hearing, waives the right to object to the sufficiency of the petition, or to the absence of an order granting leave to intervene.

2. SAME—BILL AGAINST CORPORATION—RIGHTS OF RECEIVER.
   Where a bill against a corporation seeks to establish a lien on a portion of its property, a receiver of the corporation may properly be granted leave to intervene, and contest plaintiff's right to recover; and it is no ground for the dismissal of his petition that he introduced no evidence, but relied on the insufficiency of the evidence introduced by plaintiff to sustain his bill.

3. SAME—CORPORATION—ADMISSION BY DEFAULT.
   Where a defendant corporation suffers default, its receiver, who afterwards intervenes, is bound by the admission of facts alleged in the bill, made by the corporation by such default.

4. LIEN—ESTABLISHING IN EQUITY.
   Plaintiff furnished $20,000 for the purchase of a half interest in a mining claim, under an agreement with one who held the option for such purchase that each should own a fourth interest in the claim, but that plaintiff should have the entire income from the half interest until the $20,000 should thus be returned to him. Defendant corporation, with knowledge of such agreement, purchased the fourth interest of plaintiff's co-tenant. *Held,* that plaintiff was entitled to a lien on defendant's interest for $10,000, less one-half the amount he had received in profits, and that his right to such lien was not affected by the fact that he had sold his own interest.

This is a bill in equity for an accounting and for a decree establishing a lien upon the one-quarter interest in the Keystone Mining Company, situate in Lincoln county, Nev., for the amount found due to plaintiff upon a contract entered into by and between S. T. Godbe (defendant) and C. O. Perry (plaintiff), July 8, 1892, and an additional agreement, indorsed on the back thereof, in relation thereto, executed by said parties July 22, 1892. The material part of said contract reads as follows:

"Whereas, the said Godbe holds a certain agreement, dated June 15, 1892, wherein he is given the right to purchase an undivided one-half (½) of the Keystone Mine from Jones Taylor, of Ivanpah, California, for the sum of twenty thousand ($20,000) dollars, to be paid on or before September 15, 1892; and whereas, said Godbe desires to sell one-half (½) of his interest in said agreement; and whereas, said Perry desires to purchase the same: Now, therefore, it is agreed that in consideration of one ($1) dollar paid to said Godbe by said Perry, that if said Perry pays the further sum of twenty thousand ($20,000) dollars to said Jones Taylor as the purchase price of said one-half (½) of said Keystone Mine on or before the 15th day of August, 1892, then the said Godbe will convey to the said Perry an undivided one-quarter (¼) of the said Keystone Mine, free from incumbrances, by good and sufficient deed."

The additional agreement reads as follows:

"It is further mutually agreed that if said Perry accepts the option hereby given, and pays for said mine as herein provided, that all of the net profits

from the sales of ores from said mine that accrue to the said one-half (½) interest which will be owned by said Perry and Godbe shall be paid to said Perry until the sum of twenty thousand ($20,000) dollars, the full amount advanced by him for said purchase, shall have been returned to him. The net profits after said $20,000 shall have been paid to be divided pro rata according to the respective interests held, but not before."

The following receipt is indorsed upon said contract:

"Received at Fenner, California, August 8, 1892, of O. O. Perry, the sum of twenty thousand dollars ($20,000) in full satisfaction of and in full compliance with the foregoing contract.    Jones Taylor."

The contracts were recorded December 8, 1892, in the county recorder's office of Lincoln county, Nev., in Book D of Miscellaneous Records. The Keystone Mining Company, defendant, was incorporated after the transactions between Godbe and Perry.

It is alleged in the complaint:

"That at the time said corporation defendant took and accepted said deed from said Godbe, and at all times since its organization, said Keystone Mining Company, by and through its officers and agents, had full and complete actual notice and knowledge of said agreement hereinbefore referred to between plaintiff and said defendant Godbe, and the modification thereto, and of all of the terms and conditions of the sale of one-half of said mine by said Taylor to said defendant Godbe, and of the sale of one-fourth thereof by said Godbe to this plaintiff, and of the payment of said $20,000 to said Taylor by this plaintiff."

It is further alleged:

"That at all times since the conveyance of the one-half interest in said mine to the defendant Godbe by said Jones Taylor said defendant Godbe and said defendant Keystone Mining Company, as his successor in interest, have been in the full possession of said one-fourth interest in said mine conveyed by said defendant Godbe to defendant Keystone Mining Company, working the same, and extracting therefrom valuable ores of gold and silver, and receiving the net profits from said ores."

There are other allegations as to the amount of ore, and its value, taken out of said claim, the net profit thereof, the admission of the receipt by plaintiff of the sum of $3,267.42, and the averment that there is now due plaintiff on the contract the sum of $6,732.58, which defendants refuse to pay. S. T. Godbe and the Keystone Mining Company made default; but T. C. Williams, as receiver of the property of the Keystone Mining Company, by leave of the court, filed a complaint in intervention in the nature of a bill of interpleader, traversing the allegations of plaintiff's complaint, and setting up various defenses. The testimony was taken before a special examiner. The defendants and the intervener failed to introduce any testimony. The case was presented on the final hearing upon the pleadings and the testimony taken by the plaintiff.

Trenmor Coffin, for plaintiff.
H. C. Dillon and Torreyson & Summerfield, for intervener.

HAWLEY, District Judge (orally, after stating the facts as above). Is the evidence in this case sufficient to justify a decree in favor of the plaintiff?

1. Has the intervener any such standing in this court as to entitle him to be heard? Upon the hearing the plaintiff moved the

court (1) to dismiss the complaint in intervention upon the ground that the intervener introduced no evidence in support of his allegations; (2) that no sufficient facts were stated in the petition entitling him to intervene. This motion is denied upon the ground that plaintiff, having filed a replication to the complaint in intervention, has waived the objections to its sufficiency. If any of the original parties to the suit desired to contest the petitioner's right to intervene, it was their duty to make their objections when the petition for intervention was filed. Leave to intervene, when granted, should be by order; but, if the suit is proceeded with without objection, the entry of the order will be waived. Myers v. Fenn, 5 Wall. 205; French v. Gapen, 105 U. S. 509, 525. As the receiver of the property of the Keystone Mining Company, upon an interest in which plaintiff seeks to obtain a lien, the intervener had the right by leave of the court to file a bill of complaint pro interesse suo in the nature of a bill of interpleader. The intervention may contain a statement of the petitioner's view of the case, and pray, in addition to intervention, for the final relief which he desires. French v. Gapen, supra. Being entitled to appear, he has the right to rely upon the insufficiency of the evidence to sustain a decree in plaintiff's favor. The fact, therefore, that no testimony was taken by the intervener in support of his affirmative averments, does not authorize the dismissal of his complaint. Graves v. Hall, 27 Tex. 148, 154.

2. The articles of incorporation of the Keystone Mining Company declare that "the name and style of this corporation shall be and is 'The Keystone Mining Company' of Nevada." The intervener contends that the words "of Nevada" are an essential part of the name of the corporation. The real corporation is before the court, represented by the receiver, and is designated in the evidence as the "Keystone Mining Company." The words "of Nevada" in the articles of incorporation would seem to be only the description of the place where the corporation is engaged in conducting its business of mining. In any event, the objection is technical, and the intervener is not in a position to raise this question.

3. Did the subsequent purchasers of the mine have knowledge of the contract made between Godbe and the plaintiff? The Keystone Mining Company, having made default, admits the allegations of the complaint that it had notice of the terms and conditions of the contract. The receiver is the superintendent of the corporation. It is not claimed that the default of the corporation is collusive or fraudulent, or that the receiver has any interest in or lien upon the property of the corporation. He is therefore not in a position to assert that he was entitled to any notice of the contract. He is bound by the admissions of the corporation as to its knowledge of the contract. Moreover, the record shows that plaintiff, a few days after the commencement of the suit, filed a lis pendens in the recorder's office of Lincoln county, setting up the equitable interest claimed by plaintiff.

4. It is next urged that plaintiff is not entitled to the relief prayed for in his complaint on the half interest in the mine formerly owned by Godbe and the plaintiff, because the testimony shows that plaintiff sold his one-fourth interest in the mine to one Blake on February

25, 1893, and received therefor the sum of $20,000, which would cover "the full amount advanced by him for said purchase from Jones Taylor," and his lien upon the property would be satisfied when said amount "shall have been returned to him." But the fact is that plaintiff is not asking for any relief against the one-fourth interest in the mine which he conveyed to Blake prior to the formation of the corporation. The $20,000 which he received from Blake was for his one-fourth interest in the Keystone and his one-fourth interest in the Whatnot mines. The testimony is silent as to what was paid for the interest in the Keystone and what was paid for his interest in the Whatnot. There is nothing in the testimony which disproves any of the allegations of plaintiff's complaint as to the amount due plaintiff upon the contract in so far as it relates to the one-fourth interest of Godbe.

5. The only guaranty of title given by Perry to Blake was in relation to his one-fourth interest in the Keystone Mine. Perry did not convey to Blake his claim upon the one-fourth interest held by Godbe, nor did he guaranty that that interest was free and clear from any incumbrance or lien. Perry says, "I only conveyed him my interest, which had nothing to do with Godbe's interest at all." But all controversy upon this question is set at rest by the bond executed by plaintiff and Godbe, which was introduced by the intervener upon the cross-examination of plaintiff, which recites the facts that whereas, Blake has purchased from Perry "an undivided one-fourth interest in and to the Keystone lode mining claim and an undivided one-fourth interest in and to the Whatnot lode mining claim, thereto adjoining; * * * and whereas, the said Isaac E. Blake has accepted a deed made of said property without any opportunity to examine the title thereof, and relying solely upon the representations of the said Charles O. Perry and Samuel T. Godbe that the said Charles O. Perry was the owner of a clear and unincumbered title to one-fourth ($\frac{1}{4}$) interest in said property, free and clear from all judgments, liens, incumbrances, and charges whatever, including liens of miners and mining partners: Now, therefore," etc. Upon the pleadings and proofs, the plaintiff is entitled to the relief prayed for.