## In re DONNELLY.

(Circuit Court of Appeals, Second Circuit. April 10, 1911.)

No. 229.

BANKRUPTCY (§ 446*)—REVISION PROCEEDINGS—ORDERS REVIEWABLE.

A finding by a court of bankruptcy on competent evidence that money deposited by a bankrupt in bank in his own name as attorney, giving the bank when he opened the account a power of attorney from his wife to draw against it, was not his money and did not pass to his trustee, is one

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of fact, which cannot be reviewed by the appellate court on a petition to revise in matter of law.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 446.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Patrick Donnelly, bankrupt. On petition for revision by Otto H. Droege, trustee. Order affirmed.

Norbert Blank, for petitioner.

Harvey T. Andrews (William Barnes, of counsel), for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. In 1905 several judgments were recovered against P. D. Donnelly, and subsequently in 1908 the Ebling Brewing Company dispossessed him from his premises. His wife, according to his story, then went into the real estate business, and he began to collect rents of various properties as her agent. April 28, 1908, in pursuance of this business, he opened an account in the Produce Exchange Bank in his own name as attorney, giving the bank a power of attorney, signed by his wife, authorizing him to draw on the account as her attorney in fact. In June, 1909, the brewing company recovered a judgment against him, upon which supplementary proceedings were begun August 26th in the City Court of the city of New York, and he was forbidden to transfer any of his property until the further order of the court.

September 13th he was adjudicated a bankrupt on his own petition, and a trustee was appointed of his estate. September 15th, on his petition, the proceedings in the City Court were stayed for one year from the adjudication, and, if he within that time applied for a discharge, until the question of the discharge were determined. October 7th he drew out the whole balance of the account in the Produce Exchange Bank, $1,118.84, by check to the order of his attorney, Lawrence E. Brown. February 18, 1910, the trustee demanded the amount of the said balance of him, and, upon his refusal to pay over the same, applied to the referee for an order to compel him to do so.

The question before us arises under the bankruptcy act, and is: Did the title to this balance vest in the trustee at the date of the adjudication, September 13, 1909, as property of the bankrupt which he had transferred in fraud of his creditors, or which prior to the filing of the petition could have been levied on and sold under judicial process against him, or which he could have transferred. Bankruptcy Act July 1, 1898, c. 541, § 70, (4), (5), 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451).

If the moneys in the account in the Produce Exchange Bank belonged to his wife, they could not have been reached by judicial process against the bankrupt, nor could he have transferred them, within the meaning of the act, having himself no title, nor could a transfer of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

them be in fraud of his creditors. The question of the title was one of fact, which was passed upon by the referee and the District Judge adversely to the trustee, upon competent, even if suspicious, testimony. The mere addition of the word "attorney" to the account in the bankrupt's name would not show whose the money deposited was; but the power of attorney given to the bank when the account was opened is evidence that as between it and Donnelly its indebtedness was to Donnelly's wife, and he has testified that he did business as her agent, and the moneys in the account belonged to her.

No error of law appearing, there is nothing to revise, and the order is affirmed, with costs.