**232**

**In re MARINE TRANSIT CORPORATION.**

**In re GENERAL MARINE TRANSIT CO., Inc.**

**Appeal of ROBERTSON et al.**

**No. 464.**

Circuit Court of Appeals, Second Circuit.

Aug. 16, 1935.

Perry A. Hull, of New York City (Robert P. Levis, of New York City, of counsel; Brody G. Higley and Vahan H. Kalendarian, both of New York City, of counsel and on the brief), for appellant Robertson.

Otto & Easterday, of New York City (Henry E. Otto, of New York City, of counsel), for appellant Fagan.

Shaine & Weinrib, of New York City (Maurice L. Shaine and Edward J. Mallin, both of New York City, of counsel), for appellees bankrupts.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Marine Transit Corporation is a New York Corporation whose principal office and place of business has at all times material been in New York City. General Marine Transit Company, Inc., its wholly owned subsidiary, is a corporation organized under the laws of the same state, and its principal office and place of business has been since its organization that of its parent.

These two corporations were engaged in the business of tug and tow transportation when, on or about June 23, 1933, the appellant Douglas O. Robertson, a stockholder and creditor of Marine Transit Corporation, brought an action in equity ·in the New York Supreme Court in Queens county in behalf of himself and others in like situation who might join as parties against the corporation and certain of its officers and directors for an accounting to which he claimed to be entitled because of alleged fraudulent conveyances of all the income producing property of the corporation and because of other claimed frauds. ·

On August 11, 1933, an injunction was granted in the state court ·and a motion for a receiver pendente lite was filed but not then heard. On or about January 26, 1934, the appellant Gerald A. Fagan, moved for leave to file a cross-complaint against the same defendants, basing his right upon the fact that he was a creditor of Marine Transit Corporation and that he owned 33 per cent. of the capital stock of National Motorship Corporation which itself owned 67 per

cent. of the outstanding capital stock of Marine Transit Corporation. These motions were duly argued in the state court, and both were granted. On or about May 19, 1934, an order was presented by Robertson for settlement.

But on March 21, 1934, a voluntary petition in bankruptcy had been filed in behalf of Marine Transit Corporation in the District Court for the Southern District of New York. The next day a like petition was filed in the same court in behalf of General Marine Transit Company, Inc. The corporations were adjudicated bankrupt, and a receiver for each was appointed on the day the respective petitions were filed. The appellants moved to vacate the orders of adjudication and appointment of receivers and to dismiss the petitions under claim that the directors who passed the resolutions authorizing the filing of the petitions were without authority to act as directors, that the corporations were solvent, and that the filing of the petitions while the state court action was pending was a fraud upon that court and upon the bankruptcy court.

It has been stipulated that the disposition of the issues in the General Marine Transit Company, Inc., matter will abide the result of the other, and so we shall hereafter discuss only the Marine Transit Corporation phase of the appeal.

The District Court referred the issue of authority of those who acted for the bankrupt as directors to authorize the filing of the petition in bankruptcy to a special master who found and reported that they were the duly constituted board of directors; that the corporation owed debts which it could not raise the money to pay; that its directors "honestly and conscientiously exercised their best judgment when they passed the resolution"; and that "the resolution to go into bankruptcy was a reasonable and proper act under the then existing circumstances." This report, being confirmed by the District Court, the order denying the motions of appellants was made. A motion for leave to appeal was granted by this court pursuant to which the order is here for review.

It is to be observed that, unless the petition in bankruptcy should have been dismissed, the orders of the bankruptcy court were proper. The real issue here is on the refusal to dismiss the petition. That issue has two aspects. The first relates to the authority of the persons who purported to act as directors so to act; the second to the claimed fraud in using their then power; if they had the power, to cause the petition to be filed.

On the first question the special master reported in detail facts he found upon conflicting evidence which amply support his conclusion that those who undertook to pass the resolution authorizing the petition in bankruptcy had authority to act as the directors of the bankrupt. His report leaves no doubt of his complete assurance that the evidence upon which he relied was trustworthy and that opposing testimony was unreliable. Though the District Judge made it plain that he was by no means so sure that the facts were true as found, he did, nevertheless, approve the report. So far as the facts are concerned, we are therefore bound by the findings on this appeal. The appeal had to be taken under section 24b of the Bankruptcy Act (11 USCA § 47 (b). Humber v. Bankers' Trust Co. (C. C. A.) 70 F.(2d) 265. See In re Loving, 224 U. S. 183, 32 S. Ct. 446, 56 L. Ed. 725. Being of necessity so taken, our review is confined to questions of law on the facts found below. In re Dressler Producing Corporation (C. C. A.) 262 F. 257; In re Armann (C. C. A.) 247 F. 954; In re Donnelly (C. C. A.) 187 F. 121. So it follows, that on the issue of authority to file the petition the appellants have failed to make a record here entitling them to a reversal of the order.

Nor are they in better case on the claim that the petition was fraudulently filed. On this score the claimed antecedent fraud in the conduct of the affairs of the corporation is not fraud concerning which the bankruptcy court is powerless to deal if and when that fraud is made to appear. This situation is unlike that in Zeitinger v. Hargadine-McKittrick Dry Goods Co. (C. C. A.) 244 F. 719, where the fraud lay in attempting to use the court as a means of escape by officers and directors from liability to the stockholders already established in the state court. Here there has been no decision on the merits in the state court, and these proceedings merely substitute for state control the control of the federal court over subject-matter concerning which its ju-

234

risdiction is paramount and exclusive whenever invoked. This is not itself a fraud, but the exercise of a right. In re Dressler Corporation, supra; Struthers Furnace Co. v. Grant (C. C. A.) 30 F.(2d) 576. See, also, Gross v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1243, 90 A. L. R. 1215. Whether the claimed fraud in the conduct of the affairs of these corporations of which these appellants so bitterly complain can be proved or not, it stands separate and apart from the filing of the petition in bankruptcy. For this reason there was no reversible error at the hearing before the special master in excluding the state court record which dealt exclusively with such claimed fraud.

Order affirmed.