### In re KLEIN'S OUTLET, Inc.
#### No. 79509.

District Court, S. D. New York.

Feb. 26, 1942.

See, also, 48 F.Supp. 416; 49 F.Supp. 375.

Archibald Palmer, of New York City, for debtor.

Morris Okoshken, of Jamaica, L.I., N.Y., for Rose Klein.

Benjamin F. Steinberg, of New York City, for petitioning creditors.

Sidney Basil Levy, of New York City, for receiver Harold L. Lipton.

Irving J. Tell, of New York City, for Klein's 34th Street, Inc.

Benjamin F. Steinberg, of New York City, and Louis P. Rosenberg, of Brooklyn, N.Y., for trustee.

BONDY, District Judge.

The proceedings heretofore had herein are conflicting and confusing. Creditors ask that the debtor be continued in possession. They do so in spite of the fact that a judge of the Supreme Court of the State of New York has found in a stockholder's derivative suit brought by Rose Klein against the debtor and others that those now in control of the debtor have mismanaged the property of the debtor and wasted, lost and acquired to themselves and transferred to others money and property of the debtor. Subsequently and on September 24, 1941, the judge decided to appoint a permanent receiver of the debtor, thereby indicating that those now in control should not be per-

mitted to continue the business of the corporation.

The next day, September 25th, 1941, an involuntary petition was filed against Klein's Outlet, Inc., the debtor. It is alleged that this was done fraudulently by a creditor at the request of the debtor. September 29, 1941, Harold L. Lipton was appointed permanent receiver of the debtor in the stockholder's action. He qualified October 2, 1941. The debtor filed a petition for an arrangement October 3, 1941. The same day Lipton filed an answer to the involuntary petition denying insolvency. October 6, 1941, the referee ordered that the debtor be continued in possession. November 10, 1941, the referee denied Lipton's motion for permission to take possession of and operate the property of the debtor.

■ By petitioning for an arrangement in the involuntary bankruptcy proceeding the debtor has blocked the trial of the issue of insolvency and delayed the appointment of a trustee. In view of these facts and the findings in the stockholder's suit, the court is of the opinion that it is advisable to appoint Lipton as receiver pending the determination in the bankruptcy proceedings as to whether the arrangement should be consummated, or a trustee appointed, or the bankruptcy proceedings dismissed, in which last case Lipton would continue in possession as receiver appointed by the state court.

■ The appointment by a state court of a permanent receiver with full power to act for the corporation does not affect the right of directors to act on behalf of the corporation in federal bankruptcy proceedings. See Struthers Furnace Co. v. Grant, 6 Cir., 30 F.2d 576, cited with approval in Re Bankshares Corporation of United States, 2 Cir., 50 F.2d 94, 96; In re S.W. Straus & Co., 2 Cir., 67 F.2d 605, 608 (corporation allowed to answer despite state court permanent receiver); In re Denton & Haskins Music Pub. Co., D.C., 10 F.Supp. 802 (petition of corporation sustained despite state court permanent receiver); Security Building & Loan Ass'n v. Spurlock, 9 Cir., 65 F. 2d 768, 770, certiorari denied 290 U.S. 678, 54 S.Ct. 102, 78 L.Ed. 585.

■ Accordingly, the contention that the directors did not have the power and that Lipton alone had the power to file an answer in the bankruptcy proceeding or to file a petition for arrangement on behalf of the corporation must be rejected.

■ It is also urged that the debtor is precluded from filing its present petition for an arrangement by a decision of the referee on a prior petition for an arrangement filed March 29, 1940, denying confirmation of the debtor's plan for an arrangement because the debtor had been guilty of acts which would be a bar to a discharge.

Neither the schedules in the pending arrangement proceedings nor any other papers now before the court establish that any of the debts listed in these schedules are the same as those listed in the schedules filed in the previous arrangement proceeding.

■ Denial of a discharge from debts provable in one proceeding bars a discharge from the same debts in a subsequent proceeding, see Freshman v. Atkins, 269 U.S. 121, 123, 46 S.Ct. 41, 70 L.Ed. 193, but not from debts which arose after the filing of the first petition. See In re Schwartz, 2 Cir., 89 F.2d 172, 174; Hill v. Railroad Industrial Finance Co., 10 Cir., 92 F.2d 973, certiorari denied 303 U.S. 634, 58 S.Ct. 523, 82 L.Ed. 1095; In re Zeiler, D.C., 18 F. Supp. 539.

This contention therefore must also be rejected on the present record.

■ Any party, however, may present proof before the referee that the debtor committed acts which bar its discharge whether or not they involved parties to this or the previous proceeding. See In re Ernst, 2 Cir., 107 F.2d 760, 761.

It is also urged that the debtor's petition for an arrangement be dismissed on the ground that creditors and directors of the debtor are fraudulently cooperating to defeat by these proceedings the judgment obtained December 6, 1940, by Rose Klein in the stockholder's action.

■ When a petition is filed fraudulently in the bankruptcy court to avoid the liability of officers and directors to the stockholders established in the state court, this court will dismiss the bankruptcy proceeding. In re Marine Transit Corporation, 2 Cir., 79 F.2d 232, 233; Zeitinger v. Hargadine-McKittrick Dry Goods Co., 8 Cir., 244 F. 719, certiorari denied 245 U.S. 667, 38 S.Ct. 64, 62 L.Ed. 538.

The papers now before the court do not clearly establish that these proceedings were brought in bad faith to defeat any claim of Rose Klein or Klein's Outlet, Inc.

560

Since both Rose Klein, as a stockholder, and Lipton, as State Court receiver, may be able to adduce proof of fraud or bad faith before the referee, they should be permitted to intervene. See In re Hewitt Grocery Co., D.C., 33 F.Supp. 493, 495.

Accordingly, the referee's order denying Lipton's motion to take possession and to intervene is reversed and his orders denying the motions to dismiss the arrangement are confirmed.