## In re J. P. LINAHAN, Inc.

### No. 99.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1943.

Baar, Bennett & Fullen, of New York City, for debtor-appellant.

Weinstein & Levinson, of New York City (Frank Weinstein, Samuel J. Levinson, and John P. Hurley, all of New York City, of counsel), for Agatha L. Moore and others.

Raymond J. Scully, of New York City, for Sargent & Co.

Trachman & Krosner, of New York City (Hilbert I. Trachman and Irving R. Krosner, both of New York City, of counsel), for Anna Louise Linahan, etc., and 13 other stockholders-appellees.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

On February 20, 1940, three creditors of the debtor filed an involuntary petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The petition alleged the debtor's insolvency and the commission of an act of bankruptcy, i. e., the transfer of approximately $40,000, while insolvent, with intent to prefer, to unnamed creditors. On February 21, the debtor's Board of Directors [1] met and passed a resolution, pursuant to which an answer was filed on February 23, admitting insolvency and consenting to the approval of the creditor's petition. The lower court issued an order, putting the debtor in possession, and the annual stockholders' meeting was then adjourned to March 2.

Shortly thereafter, Agatha L. Moore, as a creditor of the debtor, and with others as its majority stockholder, filed two answers in opposition, denying all of the petitioners' allegations, and charging bad faith in the filing of the petition in that adequate relief was obtainable under Chapter XI, 11 U.S.C.A. § 701 et seq. On February 28, the majority stockholders sought the court's leave to hold the regular annual meeting of stockholders so that new directors might be elected, but the Special Master, to whom the court had meanwhile referred the proceeding, recommended that no election be held, and the court upheld his recommendation. An appeal was taken from the court's order in this respect, and we reversed it, permitting the meeting to be held. In re J. P. Linahan & Co., 2 Cir., 1940, 111 F.2d 590. A new Board of Directors was elected on May 10, and this Board authorized an application for permission to file an amended answer.

Meanwhile, the lower court, on May 18, 1940, had approved the petition as being properly filed under Chapter X. In June and July, 1940, the majority stockholders appealed to this court from every order made by the lower court, and, in Moore v. Linahan, 2 Cir., 1941, 117 F.2d 140, affirmed all orders dealing with the administration of the debtor's assets, but vacated the order of the court below approving the petition. At the same time we also granted the debtor permission to file an amended answer. On April 8, 1941, the debtor filed an amended answer, controverting all the allegations in the petition. On the same day, the debtor moved for summary judgment before the Special Master, dismissing the petition. In support of its motion, the debtor submitted affidavits by two of its directors, by a certified public accountant, and by counsel for the majority stockholders, to the effect that, at the time of the filing of the creditors' petition, the debtor was solvent. These affidavits were uncontradicted.[2] Subsequently the petitioning creditors and the minority stockholder moved for a summary judgment approving the involuntary petition filed under Chapter X. In that connection attention was directed to a stipulation, dated December 22, 1941, in which the debtor agreed that it would, after the dismissal of the Chapter X petition, file an original petition under Chapter XI. The Master reported to the lower court on February 11, 1942, recommending that the motion of the debtor be denied and the motions of the petitioning creditors and the minority stockholder be granted.

On July 7, 1942, the court below denied all three motions for summary judgment, granted permission to the petitioning creditors to file an amended petition specifying the acts of bankruptcy with greater particularity, and sent the proceedings back to the Master for trial.

The court below properly held that there could be no summary judgment. The Chapter X proceedings were not voluntary and any apparent acquiescence therein, consisting of the first answer filed and the resolution originally adopted, became ineffective, pursuant to our former decisions, by the election of a new Board, and the filing of an answer. That the debtor agreed that, upon the dismissal of the Chapter X proceedings it would institute Chapter XI proceedings, is no substitute for the proof of insolvency (and preferences) required in an involuntary Chapter X proceeding. The state of the pleadings is not such as to make it possible to dispense with such proof.

---

[1] The terms of office of all five directors would have expired on February 24, the date of the annual stockholders' meeting.

[2] There was further evidence as to the debtor's solvency at that time: James Lynch, the secretary-treasurer of the debtor who was called as a witness by the petitioning creditors, testified, on the basis of a going concern valuation, that the debtor was solvent. The accountants appointed by the court likewise reported that, at the time of the filing of the involuntary petition, the debtor was solvent.

The trial judge correctly held that there must be a trial to determine the issue of insolvency and that of preferences within the four months.

■■ The original Chapter X proceeding alleged that preferential payments had been made of more than $40,000 "to various creditors * * * the names of the creditors receiving such preferences being unknown to your petitioner." The court below properly held that the petition might be amended so as to set forth more specifically the alleged acts of bankruptcy, although more than four months had elapsed since the petition had been filed. Glint Factors v. Schnapp, 2 Cir., 1942, 126 F.2d 207. Because of suggestions made in the briefs, it is proper to add that the amendment should not, in the light of our previous decisions, include allegations as to the answer formerly filed or the resolution adopted by the Board of Directors of the debtor, admitting insolvency and consenting to the approval of the creditors' petition.

Order affirmed.