**KLEIN v. NU–WAY SHOE CO., Inc., et al.**

Nos. 242, 243.

Circuit Court of Appeals, Second Circuit.

June 9, 1943.

See, also, In re Klein's Outlet, D.C.S.D., N.Y., 49 F.Supp. 375.

Arthur Morris, of Jamaica, N.Y. (Morris Okoshken, of Jamaica, N. Y., and Abraham Lillienthal, of New York City, on the brief), for appellant.

David Haar, of New York City (Benjamin F. Steinberg, of New York City, and Louis P. Rosenberg, of Brooklyn, N. Y., on the brief), for appellees.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Appellant, Rose Klein, appeals from orders of the district court affirming orders of a referee in bankruptcy which struck out answers filed by a state court receiver of Klein's Outlet, Inc., and by appellant, as its minority stockholder, to creditors-appellees' involuntary petition in bankruptcy against it, refused thereafter on motion to vacate this order, and at length adjudicated the corporation a bankrupt upon the consent of its officers and directors. The referee's decisions were based upon his conclusion that neither appellant nor the receiver had ever properly intervened in the bankruptcy proceeding and that accordingly they were without standing to be heard. Appellant also appeals separately from another order of the district court constituting a subsequently appointed trustee in bankruptcy of the corporation coplaintiff with herself in the action, brought by her in the Supreme Court of New York on behalf of the corporation, against various of its directors and officers for misfeasance and malfeasance in office, in which she had obtained the appointment of the above-mentioned receiver.

Judgment had been rendered for appellant in the state court action in 1940. An able justice of the Supreme Court of New York found that the defendants had fraudulently purchased merchandise on the corporation's credit for an independent business venture, and referred the matter to a referee to ascertain the damage. Thereafter he granted plaintiff's motion for the appointment of a receiver of the corporation, and appointed Harold L. Lipton as permanent receiver. Notice of his decision was given on September 24, 1941. The next day three creditors of the corporation brought an involuntary petition against it alleging that it was insolvent and that it had made preferential payments in the amount of $2,000 on that same day to various of its creditors, whose names were unknown. A referee in bankruptcy ordered that the debtor be continued in possession.

Appellant and Lipton joined forces to oppose the exercise of bankruptcy jurisdiction by the federal court. On September 30, 1941, and October 3, 1941, they respectively filed separate answers to the involuntary petition challenging the allegations of insolvency and of preferential payments and the good faith of the creditors in filing the petition. They contended that the creditors were colluding with the management of Klein's Outlet to defeat the state court judgment. The corporation countered on October 3 with an answer by way of a petition for an arrangement pursuant to 11 U.S.C.A. § 721. This entire matter was then referred by the court to a referee.

Neither appellant nor Lipton had yet sought formally to intervene. But on October 18, 1941, Lipton petitioned the court for an order to intervene, to strike out the petition for an arrangement, and to bring to trial the issues raised in his answer. Appellant also made a motion, referred to later by the district court as "for various relief," which, it appears to be conceded, did not include a specific request for leave to intervene. These matters were also referred to the referee, who on November 17, 1941, denied both motions.

Those orders, together with an order of the referee of November 10 refusing Lipton possession of the debtor's business, came on for hearing on petitions for review before Judge Bondy, who in an opinion dated February 26, 1942, In re Klein's Outlet, D.C., 50 F.Supp. 557, substantially reversed the referee. The following passages from the opinion are a focal point in this appeal:

"By petitioning for an arrangement in the involuntary bankruptcy proceeding the debtor has blocked the trial of the issue of insolvency and delayed the appointment of a trustee. In view of these facts and the findings in the stockholder's suit, the court is of the opinion that it is advisable to appoint Lipton as receiver pending the determination in the bankruptcy proceedings as to whether the arrangement should be consummated, or a trustee appointed, or the bankruptcy proceedings dismissed, in which last case Lipton would continue in possession as receiver appointed by the state court. * * *

"Since both Rose Klein, as a stockholder, and Lipton, as State Court receiver, may be able to adduce proof of fraud or bad faith before the referee, they should be permitted to intervene. See In re Hewitt Grocery Co., D.C., 33 F.Supp. 493, 495."

The order upon this opinion, dated June 6, 1942, decreed that "the Referee proceed in accordance with the opinion herein."

Meanwhile Lipton's appointment as permanent receiver was modified upon appeal in the state court proceedings to that of a temporary receiver. Some objection was then made in the district court that he thereupon lost all status as a party in interest under 11 U.S.C.A. § 11, sub. a(3). But Judge Bondy, after a hearing and after receiving briefs, rejected the contention and on April 16, 1942, made Lipton a Federal Receiver in Bankruptcy for the corporation. No appeal was taken from this determination.

The matter then came before the referee again in accordance with Judge Bondy's direction. At the outset of the hearing appellant's counsel stated that he intended to challenge the involuntary petition, first because it was filed in bad faith, and second "we raise the issues of the allegations alleged in the petition." The attorney for creditors-appellees objected to the latter "at this hearing," but admitted that it was a "ground that must be taken up in due course at a proper time." The referee said: "I will take it for any purpose at this time." Appellant then offered evidence in an attempt to show that the officers of the corporation had induced the filing of the petition, and continued to do so at several adjourned hearings. At the close of the evidence on this issue, however, and over the specific objection of appellant's counsel that a full trial had not been had on the allegations of the answer, the referee on May 25, 1942, struck out the answers—notwithstanding the fact that the debtor had been permitted to withdraw its petition for an arrangement and to consent orally to an involuntary adjudication. The corporation was adjudicated a bankrupt on June 6, 1942, and on June 24, 1942, the referee denied applications to vacate his earlier orders.

The referee's certification of the petitions of Receiver Lipton and appellant for a review of these orders stated in justification of his action that Lipton's answer was not filed by a permanent receiver as it purported to be and, therefore, was ineffective; that appellant had never filed a petition to intervene and accordingly had no right to answer; that neither Lipton nor appellant had complied with Rule 24(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, by serving, together with their answer, a motion to intervene upon all parties to the bankruptcy proceeding; that appellant also had failed to comply with Bankruptcy Rule 12 of the district court, requiring an immediate demand after answer filed for a trial by court or jury, in omission of which the answer should be deemed stricken out; and finally that upon the striking of the answers and upon the corporation's consent to adjudication no issue was left alive to prevent adjudication upon the involuntary petition. These views were accepted by the district court (another judge then sitting) and are now pressed upon us by appellees.

The second appeal comes about because, after the election of a trustee in bankruptcy, the referee on his motion ordered that he be substituted as plaintiff in appellant's stead in the state court action. Upon her petition for review, the district court (by still another judge) modified this order to provide that the trustee be constituted a coplaintiff with appellant in the action, but that the conduct of that litigation should at all times be subject to the control of the court in the best interest of the bankrupt

estate. 48 F.Supp. 416. Appellant again appeals.

Although the receiver has taken no appeal, appellant seeks to establish for him, as well as for herself, a right to trial upon the allegations of the answers other than that of bad faith in filing. It is clear there has never been any such trial. The hearing before the referee was devoted exclusively to the attempt to show collusion between the petitioning creditors-appellees and the management of the corporation. And although the referee at first held that he would take evidence on all the issues raised by the answers, he later retracted and foreclosed appellant from contesting the issues of insolvency and preferential payments, by striking out the answers for alleged noncompliance with the various procedural rules of intervention.

We are of the view, however, that Judge Bondy's opinion, reasonably interpreted, accorded appellant an unqualified right of intervention which it was beyond the authority of the referee thus to nullify in an essentially collateral proceeding. Cf. Missouri-Kansas Pipe Line Co. v. United States, 312 U.S. 502, 508, 665, 61 S.Ct. 666, 85 L.Ed. 975; Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329. If creditors-appellees wished to continue their attack upon appellant's right to intervene, their course was an appeal from that determination. True, an order upon the opinion was not entered in the district court until the day of the adjudication. But that omission conferred upon appellees no special prerogative to raise the question before the referee. They might have pressed Judge Bondy for an early entry of the order, which is the clear intent of the rule. Rule 58, Federal Rules of Civil Procedure. Or they might have moved the referee to postpone the hearing. By their readiness to proceed at the hearing, we think they might well be held in any event to have waived any further objection to the procedure of appellant's intervention. Cf. French v. Gapen, 105 U.S. 509, 525, 26 L. Ed. 951; Myers v. Fenn, 5 Wall. 205, 72 U.S. 205, 18 L.Ed. 604; Perry v. Godbe, C.C. Nev., 82 F. 141, 143. Certainly, too, the objection that, although the answers were on file and thus the opponents were apprised of their grounds, they were defective because not attached to applications to intervene, Rule 24(c), Federal Rules of Civil Procedure, is trivial, particularly at this late day. Shores v. Hendy Realization Co., 9 Cir., 133 F.2d 738, 742.

That intervention was not limited to the question of fraud—as the referee possibly later considered—is, we think, the only reasonable implication from the quoted passages of Judge Bondy's opinion. Not merely was appellant granted permission to intervene in unequivocal language, but her representative, the state court receiver, was awarded possession of the debtor's business until adjudication or dismissal of the bankruptcy proceedings—both of which events depended upon the answers being heard out in full. Even had intervention been limited to proof of fraud, false allegations of insolvency and preferential payments would have had pointed bearing upon that issue. Indeed, this appears to have been the initial view of the referee; it is difficult to see why he came to reverse himself. In any event, therefore, it was erroneous for him to strike the answers.

The court clearly had substantial grounds for belief that appellant would not be adequately represented by the directors and officers of Klein's Outlet. It was thoroughly conceivable that they would neglect to contest the federal bankruptcy with a view to a favorable settlement of the state court accounting, regardless of any collusion on the part of the petitioning creditors. Even if the opinion were more ambiguous than it is, it would seem a reasonable inference that Judge Bondy intended to avoid this possibility by granting appellant full right to try all the issues of the involuntary petition. Cf. 2 Moore's Federal Practice 2334-6; 2 Collier on Bankruptcy, 14th Ed. 1940, 68–70; Ogden v. Gilt Edge Consol. Mines Co., 8 Cir., 225 F. 723; Zeitinger v. Hargadine-McKittrick Dry Goods Co., 8 Cir., 244 F. 719, certiorari denied 245 U.S. 667, 38 S. Ct. 64, 62 L.Ed. 538; Regal Cleaners & Dyers v. Merlis, 2 Cir., 274 F. 915.

Of course, intervention under either Rule 24(a) (2) or Rule 24(b), Federal Rules of Civil Procedure, gives appellant full status to prosecute this appeal. Securities and Exchange Commission v. United States Realty & Improvement Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293, reversing 2 Cir., 108 F.2d 794; Ex parte Jordan, 94 U.S. 248, 24 L.Ed. 123; In re Michigan Cent. R. Co., 6 Cir., 124 F. 727; 2 Moore's Federal Practice 2371. Nor did the corporation's consent to an involuntary adjudication render the allegations of appellant's answer moot. It could not con-

vert the proceeding into one for a voluntary adjudication, In re Condon, 2 Cir., 209 F. 800; In re Elmsford Country Club, D.C.S.D.N.Y., 50 F.2d 238, Patterson, D. J.; In re Supreme Lodge of Masons Annuity, D.C.N.D. Ga., 286 F. 180; 2 Collier on Bankruptcy, 14th Ed. 1940, 91, n. 28; and the corporation's insolvency and its preferential payments still had to be proved. In re J. P. Linahan, Inc., 2 Cir., 133 F.2d 688; In re Condon, supra; Central State Bank of Jackson, Mich. v. Harrington, 6 Cir., 4 F.2d 514. The adjudication must accordingly be set aside and the action returned for a trial on these issues.

■ How far the referee intended to rely independently on District Court Rule 12, providing for the striking of answers in bankruptcy upon failure simultaneously to move for immediate trial, is not clear. That rule might be thought to state a rule for summary judgment inconsistent with Federal Rule 56; but whatever its validity, we do not think it a justification for the referee's orders. As Judge Bondy pointed out, the debtor, by petitioning for an arrangement in the involuntary bankruptcy proceeding, "blocked the trial of the issue of insolvency." And when Judge Bondy re-referred the matter to the referee, the trial was had with promptness, in fact, as we have seen, even before the order of the district court was entered. No claim of this kind appears to have been made in the extensive review had before Judge Bondy. The makeweight character of the reference to this rule appears obvious.

Whether the involuntary petition defectively charges preferential payments in the too broad language of the statute and whether creditors-appellees are in that event too late to save the petition by motion for leave to amend, cf. In re J. P. Linahan, Inc., supra; Glint Factors v. Schnapp, 2 Cir., 126 F.2d 207; 2 Collier on Bankruptcy, 14th Ed. 1940, 47, are questions for decision by the district court upon the remand and will not be considered on these appeals.

■ Since the adjudication is set aside, Lipton may resume his receivership of the corporation—now beyond challenge, inasmuch as no appeal was taken from Judge Bondy's order of appointment of April 16, 1942. His answer, however, cannot be reinstated, since he has not appealed and since appellant will not now be thereby prejudiced. Cf. In re Barnett, 2 Cir., 124 F.2d 1005. Our disposition of the case also disposes of the order appointing the trustee in bankruptcy as coplaintiff with appellant in the prosecution of the state suit. That order falls with the falling of the order of adjudication.

Reversed and remanded for further proceedings in accordance with this opinion.