**In re ROBITAILLE FARMS, INC., Alleged Debtor.**

**Bankruptcy No. 79–0278–G.**

United States Bankruptcy Court, D. Massachusetts.

Feb. 4, 1980.

18. *In re Cassidy*, 401 F.Supp. 757 (E.D.N.Y.1975).

William Lyons, West Springfield, Mass., for petitioning creditors.

Ronald Weiss, Bulkey, Richardson & Gelinas, Springfield, Mass., for debtor.

## ORDER

PAUL W. GLENNON, Bankruptcy Judge.

On February 13, 1979, Leonard E. Belcher, Inc., Keeley International Trucks, Inc., and Bernard Sheehan, d/b/a Red's Towing and Exxon caused an involuntary bankruptcy petition to be filed against Robitaille Farms, Inc. That petition alleged the following:

"Within the four months preceding the filing of this petition the alleged bankrupt committed an act of bankruptcy in that it did on or about February 12, 1979, made or suffered a preferential transfer of its property to one or more of its creditors, the name or names of which are unknown to petitioners on account of antecedent debts with the intent to prefer said creditors over other creditors of the same class."

The alleged debtor filed with this Court on February 28, 1979, a motion to dismiss that petition because the acts of bankruptcy were not alleged with sufficient particularity to inform the alleged debtor of the charges. The motion was argued on April 20, 1979 and this Court denied the alleged debtor's motion.

The denial of the motion was appealed. On November 20, 1979, the United States District Court, District Judge Skinner, reversed the Bankruptcy Judge and agreed that the petition did not allege an act of bankruptcy with sufficient particularity. The petitioners were given twenty days to amend the petition or have their case dismissed.

On December 4, 1979, the creditors filed an amendment to their original petition. They alleged that a preferential transfer was made on November 10, 1978 to Truck Stops Corporation of America in the approximate sum of $25,000.

Counsel for the alleged bankrupt avers that the amended complaint fails to satisfy the November 20, 1979 order of the District Court. In their complaint of December 26, 1979, they alleged that the amended complaint does not relate back to the time of the original filing. As such, the alleged act of bankruptcy was committed over four months prior to the December 4, 1979 filing and therefore should be dismissed.

A trial was held on January 11, 1980 in Springfield, Massachusetts for arguments on this issue and the issue of whether or not the amended complaint alleges an entirely different act of bankruptcy.

The question before this Court is whether an amendment alleging for the first time a specific preferential transfer which occurred more than four months prior to the date of the proposed amendment would be proper. Unless the proposed amendment filed December 4, 1979 relates back to the date of the original petition, February 13, 1979, the allegation of preferential payments within four months of the amendment would not be appropriate.

Rule 15(c) of the Federal Rules of Civil Procedure deals with the relation back of amendments to the original petitions. This rule is made applicable by Bankruptcy Rules 121 and 715. These rules allow the amendment of complaints but the applicability of the relation back has often been tempered. It is well settled that where an amendment to a petition alleges a new act of bankruptcy, the adjudication dates from the filing of the amendment and not from the filing of the original petition.[1] This same rule pertains where the petition is insufficient to notify the bankrupt of the

---

1. *See, generally: In re Ideal Mercantile Corp.*, 244 F.2d 828 (2 Cir. 1957); *Whalen v. Gordon*, 95 F. 305 (8 Cir. 1899); 2 Collier, *Bankruptcy*, ¶ 18.26.

act relied on as the act of bankruptcy. *Dworsky v. Alanjay Bias Binding Co.*, 182 F.2d 803 (2 Cir. 1950); *In re Louisll Lumber Co.*, 209 F. 784, 785 (5 Cir. 1913).

Our case is similar to *Dworsky, supra.* In that instance the judge refused to admit an amendment to set forth alleged preferential transfers more than four months prior to the date of the proposed amendment because the judge was "unable to find anything in the record of the case indicating that the petitioning creditors when they filed the original petition had in mind or intended to plead any of the acts ultimately stated as preferences in the amended petition." A review of the original petition filed against the alleged debtor Robitaille Farms, Inc., fails to disclose any allegation which can even be remotely connected with the claim in the amended complaint.

■ The "relating back" provisions of Rule 15(c) of the Federal Rules of Civil Procedure have been followed in situations where the original petition did set forth with some degree of particularity facts which indicated that the amended petition was alleging the same act. *In re J. P. Linahan, Inc.*, 133 F.2d 688 (2 Cir. 1943) allowed an amendment to relate back where no more specific fact was originally alleged than that the amount of money transferred was approximately $40,000.00. Although it is accepted that the Federal Rules of Civil Procedure are to be liberally interpreted, I do not believe that the original petition described with sufficient particularity the alleged transfer which would allow the amended complaint to relate back timewise so as to meet the four month requirement of Section 3. Therefore, it is held that the amendment to the original petition of February 13, 1979 does not relate back and the alleged payments on November 10, 1978 did not occur within four months of the date of the filing of the amendment.

The involuntary petition, therefore, does not allege an appropriate act of bankruptcy and it must be DISMISSED.